# Pennsylvania and New York Canal and Railroad Company *versus* Lacey.

1. The building of plaintiff was about ninety feet from a railroad and was
used for the storage of coal and straw. Some straw scattered about the
building, caught fire from sparks from a passing locomotive, and the fire
thus ignited was carried by a high wind to the storehouse which was
destroyed. *Held*, that it was properly left to the jury to determine whether
the negligence of the railroad company, in allowing the escape of large
sparks from the locomotive, was the remote or proximate cause of the injury.
2. Pennsylvania Railroad Co. *v.* Hope, 30 P. F. Smith 373, followed.

March 18th 1879. Before SHARSWOOD, C. J., MERCUR, GOR-
DON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Wyoming county:* Of
January Term 1878, No. 245.

Case by George S. Lacey and Henry R. Lacey, partners, doing
business as G. S. & H. R. Lacey, against the Pennsylvania and
New York Canal and Railroad Company, for the burning of the
storehouse of the plaintiffs, which they alleged resulted from the
negligent management of one of the locomotives of defendant.

It appeared that the building of plaintiffs, which was about
ninety feet from the railroad, was used for the storage of coal and
straw. Shortly before the discovery of the fire, a locomotive had
passed, which was observed by several witnesses to be throwing out
unusually large cinders. Very soon thereafter, some straw on the
land of plaintiffs was discovered to be on fire, and before it could
be extinguished, the fire, aided by a strong wind, reached the store-
house, and it was destroyed.

[Pennsylvania & New York Canal & Railroad Co. *v.* Lacey.]

One witness testified: "The wind blew very strong; very soon I saw the fire burning. When I first saw it, the blaze was not bigger than a bushel basket. I took some hands right off and hastened to put it out. I thought I could easily enough, but the wind carried it right into the front of the shed; there was a good deal of straw scattered around."

The fire started in the straw, between fifteen and twenty feet from the building. It did not appear that there was more straw scattered about than would ordinarily collect from the business transacted in the building.

It was shown by the defendant that improved spark-arresters were in general use on the locomotives of the road, but it did not appear from what particular locomotive this fire originated.

The defendants, inter alia, submitted the following point, to which is appended the answer of the court, Ingham, P. J.:

That the jury, in determining accountability in this case, must consider the immediate and not the remote cause of the fire; that if the fire communicated from the locomotive first to the straw and from thence to the building of the plaintiffs, the engine was the remote and not the immediate cause, and the defendant would not be liable.

Ans. "This asks us to charge you that if you believe from the evidence that the fire commenced in the straw, and that from thence it ran to the building and the building was thereby consumed, the company would not be liable for damages, even if it were proven to your satisfaction that they were running their engines in a negligent manner. We decline to charge you that this is the law."

In the general charge, the court, inter alia, said:

"It seems to me, therefore, a question to be left to you, whether the fire did originate directly from the neglect of running the engine; it is for you, I say, to determine this under the evidence. If you are satisfied that it did originate from the locomotive, and was communicated directly to the straw and then to the building, you would be at liberty to find that the company were guilty of neglect, and in favor of the plaintiffs."

The verdict was for plaintiffs for $378.30. After judgment the defendant took this writ, assigning for error the answer to the point and the portion of the charge noted.

*Felix Ansart*, for plaintiff in error.—The neglect of the defendant was the remote cause. There was an intermediate agent, the straw. Except for the strong wind, the fire in the straw would have been extinguished. This case is governed by the principles laid down in Pennsylvania Railroad Co. *v.* Kerr, 12 P. F. Smith 353.

Where there is no dispute about the facts, the court should decide the question of remote or proximate cause.

*W. E. & C. A. Little* and *Sittser & Harding*, for defendants in error.—It was properly left to the jury to determine what was the proximate cause: Pennsylvania Railroad Co. *v.* Hope, 30 P. F. Smith 373; Pennsylvania Railroad Co. *v.* Hendrickson, Id. 182; Pennsylvania Railroad Co. *v.* Stranahan, 2 W. N. C. 215.

The judgment of the Supreme Court was entered, March 31st 1879,

PER CURIAM.—This case is ruled by the Pennsylvania Railroad Co. *v.* Hope, 30 P. F. Smith 373. It is a much stronger case than that, for the application of the rule there laid down. The building burned was a storehouse, and the straw fired was a natural incident of the business carried on in the building, and the communication of fire therefore direct to the building without any intermediate cause.                                        Judgment affirmed.