## LeROY HAVERLY v. STATE LINE ETC. R. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF BRADFORD COUNTY.

Argued March 20, 1890—Decided May 19, 1890.

[To be reported.]

1. The test for drawing the distinction between proximate and remote cause, in reference to liability for the consequences of negligence, is the consideration whether the chain of events was so linked together, as a natural whole, that the final result was the natural and probable consequence of the wrongdoer's negligent act.

2. The three leading cases upon this subject, Penna. R. Co. v. Kerr, 62 Pa. 353; Penna. R. Co. v. Hope, 80 Pa. 373, and Hoag v. Railroad Co., 85 Pa. 293, while frequently cited upon opposite sides of the same argument, are not at all in conflict in principle, though it may be doubted whether the first named would not now be sent to a jury: Per Mr. Justice MITCHELL.

(a) A railroad company negligently set on fire a rotten stump standing on its right of way, near to the site of lumbering operations carried on by the plaintiff. The plaintiff's agents twice attempted to extinguish the fire in the stump, and each time thought they had succeeded. A wind, rising nineteen hours afterward, caused it to spread and destroy the plaintiff's lumber:

3. The pauses in the progress of the fire, and the lapse of time, while matters for the consideration of the jury in determining the continuity of effect, do not enable the court to say, as matter of law, that the causal connection between the railroad company's negligence, in firing the stump, and the injury to the plaintiff, was broken.

4. While a hurricane or gale may be so plainly out of the usual course of nature as to be pronounced by the court the intervention of a new cause, the ordinary danger of wind helping a fire to spread is one of the things to be anticipated as natural; wherefore, notwithstanding the lapse of time before the wind arose, in this case, the question whether it was a new cause was for the jury.

5. When a person knows of the existence of a fire upon the property of another, which is likely to spread to and destroy his own property, he is bound to use reasonable care and diligence to prevent its so spreading; whether he has done this when, after attempting to extinguish it he has gone away, mistakenly supposing that it was out, is a question to be determined by the jury.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 333 January Term 1890, Sup. Ct.; court below, No. 382 September Term 1882, C. P.

On June 22, 1882, LeRoy Haverly brought case against the State Line & Sullivan Railroad Company, to recover damages for the loss of certain logs and lumber in which the plaintiff had an interest, alleged to have been destroyed by fire in consequence of the defendant company's negligence. The defendant's plea was not guilty.

The case was tried on December 4, 1884, when a verdict was rendered for the defendant. A new trial having been awarded, the issue was again tried on December 15, 1885, and a verdict rendered in favor of the plaintiff for $510. A third trial, on February 2, 1887, resulted in a verdict for the defendant upon which judgment was entered. Upon writ of error to No. 337 January Term 1888, the judgment was reversed with a venire facias de novo: Haverly v. Railroad Co., 125 Pa. 116.

At the fourth trial, on September 10, 1883, the following facts were shown:

On May 11, 1880, the plaintiff was engaged in lumbering upon a tract of land adjoining the railroad of the defendant, under a contract with the owner thereof, by which he agreed to manufacture a lot of logs into lumber in consideration of a share of the manufactured product, and had done a considerable amount of work in the performance of his contract. On the afternoon of that day, between 4 and 5 o'clock, one of the defendant's trains passed over that part of its road near the scene of the plaintiff's operations, and soon afterwards smoke was seen issuing from a stump which stood upon the defendant's right of way and about twenty feet from the track. The testimony for the plaintiff tended to show that the engine which drew the train was not provided with a proper spark arrester; that, in consequence of this lack, it threw out sparks of great size and in large quantities, and that the firing of the stump was caused thereby. The stump was an old hemlock stump, quite rotten and punky. There was quite a bed of dead grass around it, though not a great deal immediately beside it. When the smoke was discovered, one of the plaintiff's employees was sent to extinguish the fire, and on his return he reported that he had done so. No smoke was seen after that, until the next

morning, about ten o'clock, when the plaintiff sent another employee to look after the fire. Finding the stump burning about the roots, the man threw water upon it until, as he supposed, the fire was extinguished. He remained there, however, for half or three quarters of an hour, to satisfy himself that no fire remained, and went away so believing. About noon the same day a wind arose and a fire broke out in the vicinity of the stump, which the plaintiff and his employees were unable to control on account of the wind and the dryness of the weather, and which burned over the tract on which the plaintiff was operating, destroying his logs and lumber.

At the close of the testimony, the court SITTSER, P. J., charged the jury in part as follows:

It is claimed by the defendant that, even if you find that the stump was set on fire by the negligent act of the company, it would not follow that it should be made responsible for the burning of the plaintiff's logs; that the act which fired the stump was the remote, and not the proximate cause of the burning of the logs. The defendant claims that a party is only liable for the fire which he causes, and not for any fires which accidentally result from it. This is the law. And it is an important question in this case for you to determine whether the setting fire to the stump was the proximate, or the remote cause of the burning of the logs. That is, was the burning of the logs the natural and probable consequence of the firing of the stump, in the light of the attending circumstances?

When a fire is started in a field of dry grass, it burns from one blade of grass to another until perhaps the whole field is consumed. The burning of each separate blade is not a fire by itself. The whole burning would be considered as one fire, and the cause which started the fire would be the proximate, and not the remote cause of the burning of the whole field. The size of the burning bodies, whether grass or trees, or house, does not affect the principle. It is founded upon the succession of events. Where one house was burned by the negligence of a railroad company, and the sparks from it were carried by the wind over intervening buildings to a distant house which was burned, it was held that the burning of the second house was the remote, and not the immediate effect of

Charge of Court below.

the burning of the first; that the party committing the negligent act could not be supposed to know, or expect that the second house would be burned by his act. But if the buildings burned are so near each other that by burning one you would think it natural and probable that the other should be consumed, the party committing the negligent act would be liable for both. Otherwise, not.

You will apply this principle to the case in hand. If you find that the railroad company negligently fired the stump, you will consider its situation and surroundings; the season of the year, the condition of the grass; and find whether the burning of the tract and logs was the natural and probable consequence of the firing of the stump, and find whether the fire spread from the stump by the continuous and successive burning of bodies so situated that from the burning of one you would naturally anticipate and expect the burning of the others. If you so find, the defendant can be made responsible for the loss which his negligence inflicted. If, on the other hand, from the situation of the stump, and its surroundings, it would not be considered natural and probable that the fire would spread from the stump to the land where the logs were skidded, the plaintiff cannot recover, even if by accidental circumstances the fire was communicated from the stump to the plaintiff's logs. A party is responsible for the natural and probable consequences of his negligence, and not for unforeseen events produced by intervening accidents.

And the right of the plaintiff to recover for the negligence of the defendant also depends on whether he has been guilty of any concurring negligence upon his part. No matter how negligent the company may have been in throwing sparks and setting this fire, if the defendant was guilty of concurring negligence, he cannot recover. If the plaintiff saw the fire burning in this stump, and it was likely to spread, as the natural and probable consequence of the burning of the stump, and burn over the plaintiff's land, then it was his duty to put it out. And if he sent a man there to put it out, and did all that a reasonable and prudent man, under the circumstances, would be expected to do in order to put it out, then you could not find that the plaintiff was guilty of concurring negligence. If he did not, then he would be guilty of concurring negligence, and cannot recover in this action. . . . .

Charge of Court below.

The plaintiff requests the court to charge:

1. If the jury find that the fire was set in the stump by the negligence of the defendant, and that it was the proximate cause of the plaintiff's injury, he is entitled to recover unless the jury find that his own negligence contributed in some measure to the injury.

Answer: This we affirm.

2. The measure of the plaintiff's duty in this case was ordinary care, and he is not chargeable with contributory negligence, if he acted as an ordinarily prudent man would have done under the circumstances.

Answer: This is affirmed.

3. That the firing of the stump was the proximate cause of the injuries complained of in this case, if they were its natural and probable consequence, and ought to have been foreseen by the defendant in the light of attending circumstances, which are the character of the season, the likely effect of the wind, the combustible nature of the stump, its proximity to other combustible substances and to that of the property consumed.

Answer: This is affirmed.[1]

The defendant requests the court to charge:

2. That the undisputed testimony of the plaintiff is, that on the afternoon of May 11, 1880, about 4 or 5 o'clock, soon after the defendant's train had passed over the road, smoke was seen to issue from this stump; that the plaintiff's agent sent a man to put out this fire, and he reported that he had done so; that no smoke was seen after that until about 10 o'clock the next morning, when the plaintiff, through his servant, poured water on the fire in the stump, till it was supposed to have been entirely extinguished, and he remained at the stump from one half to three quarters of an hour after so doing, to satisfy himself that no fire remained; that about noon that day the wind rose and a fire broke out on the Blackman tract in the neighborhood of this stump; and, that such a state of facts would not make the defendant liable if the fire was communicated from this stump, and their verdict must therefore be for the defendant.

Answer: This point is not affirmed. As we recollect and understand it, it contains a correct statement of the evidence upon that branch of the case, and the facts here recited have a

bearing upon the question whether the fire was set to the stump by sparks from the locomotive of the defendant.  But, if it is conceded that the fire was communicated from this stump, and the stump was fired by the negligence of the defendant, and that this setting fire to the stump was the immediate cause of the burning of the tract of land, we think the plaintiff would have the right to recover.[3]

3. One is answerable in damages for the consequence of his faults only so far as they are natural and proximate and may therefore have been foreseen by ordinary forecast, and not from those arising from a conjunction of his own faults with circumstances of an extraordinary nature.

Answer: This is affirmed.

The jury rendered a verdict for the plaintiff for $1,643.25. A rule for a new trial was discharged, upon condition that the plaintiff should within ten days file a remittitur of all the verdict in excess of $800.  The plaintiff having complied with this condition, judgment was entered in his favor for $800 and costs; whereupon the defendant took this appeal, assigning for error:

1. The answer to plaintiff's point.[1]
2. The answer to defendant's point.[2]

*Mr. Rodney A. Mercur* and *Mr. Edward Overton* (with them *Mr. John F. Sanderson*), for the appellant:

1. The claim that the firing of the stump was the proximate cause of the plaintiff's loss is founded on presumptions wholly foreign to the present case.  The probable consequence of the fire, and all that the defendant had a right to expect from it, was the destruction of the rotten stump upon the defendant's own land.  It had no right to expect the destruction of any other property, nor is there any evidence that any other would have been destroyed had not the wind arisen, nineteen hours afterward.  It is admitted that the fire was carried to the plaintiff's logs by the force of the wind; it was an intervening cause.  Again: with intervals of considerable length, there were two cessations of the original cause, the fire in the stump. It was checked twice, and was supposed to have been extinguished each time.  If the agents of the plaintiff, who were

Arguments.

upon the ground, did not anticipate a renewed outbreak of it, upon no reasonable hypothesis can it be assumed that the defendant contemplated the injury as a necessary or probable result of the first cause.

2. Thus, the final result cannot be said to be the natural and probable consequence of the primary cause, the negligence of the defendant. Our position is sustained by the weight of authority: Pierce on Railroads, 442; Penna. R. Co. v. Kerr, 62 Pa. 353; Fairbanks v. Kerr, 70 Pa. 86; Penna. R. Co. v. Hope, 80 Pa. 373; Hoag v. Railroad Co., 85 Pa. 293; Lehigh V. R. Co. v. McKeen, 90 Pa. 122; Allegheny v. Zimmerman, 95 Pa. 287; West Mahanoy Tp. v. Watson, 112 Pa. 574; s. c. 116 Pa. 344; Pittsburgh etc. Ry. Co. v. Taylor, 104 Pa. 306; South Side Pass. Ry. Co. v. Trich, 117 Pa. 390; Lancaster v. Kissinger, 11 W. N. 151; Ryan v. Railroad Co., 35 N. Y. 210; Doggett v. Railroad Co., 78 N. C. 306. Under these authorities it was the duty of the court to instruct the jury whether the firing of the stump was the proximate cause of the injury, the facts being undisputed. Moreover, if the plaintiff's agents had not interfered with the fire, it would have consumed the stump without injuring him. Their failure to continue their efforts, after they began, until the fire was extinguished, was contributory negligence: Phila. etc. R. Co. v. Hendrickson, 80 Pa. 182; Beach on Contributory Neg., §§ 19, 75; Illinois Cent. R. Co. v. McClelland, 42 Ill. 355; Toledo etc. Ry. Co. v. Pindar, 53 Ill. 447 (5 Am. Rep. 57); Chicago etc. Ry. Co v. Rennell, 94 Ill. 448; Pierce on Railroads, 435.

*Mr. H. N. Williams* and *Mr. I. McPherson* (with them *Mr. E. J. Angle* and *Mr. R. H. Williams*), for the appellee:

1. The language of the plaintiff's third point is collated from the opinion of Mr. Justice STRONG in Milwaukee etc. Ry. Co. v. Kellogg, 94 U. S. 469, and the point is a plain, clear and concise statement of the law. It is sustained by the Pennsylvania cases: Penna. R. Co. v. Hope, 80 Pa. 373; Lehigh V. R. Co. v. McKeen, 90 Pa. 122; Penna. etc. R. Co. v. Lacey, 89 Pa. 458; McCully v. Clarke, 40 Pa. 399; West Chester etc. R. Co. v. McElwee, 67 Pa. 311, Germantown Pass. Ry. Co. v. Walling, 97 Pa. 55. See also Webb v. Rome

R. Co., 49 N. Y. 420 (10 Am. Rep. 389). This case is almost identical with the Hope, Lacey and McKeen cases above cited, and is not at all like Penna. R. Co. v. Kerr, 62 Pa. 353, and Hoag v. Railroad Co., 85 Pa. 293, as there was a continuous, unbroken burning from the spot where the defendant's carelessness started the fire to and over the plaintiff's land.

2. If it was the duty of the plaintiff to put out the fire while burning on the defendant's land, the measure of his duty was the ordinary care and diligence of a prudent man: Adams Exp. Co. v. Sharpless, 77 Pa. 516 ; and, whether such care and diligence were exercised, was for the jury. It is immaterial what the first man who went to put out the fire did, if the second one did his duty. But was the plaintiff bound to go upon the defendant's land to extinguish the fire, before there was any indication that it would spread therefrom to his own land? It was the defendant's duty to guard it, and the plaintiff had a right to expect that this duty would be performed: Brown v. Lynn, 31 Pa. 510 ; Phila. etc. R. Co. v. Hagan, 47 Pa. 244. An omission to keep fields or fences adjoining a railroad free from combustible materials, is not contributory negligence : Phila. etc. R. Co. v. Hendrickson, 80 Pa. 182.

OPINION, MR. JUSTICE MITCHELL :

The test by which the line is to be drawn between proximate and remote cause, in reference to liability for the consequences of negligence, has been firmly established by the three cases of Penna. R. Co. v. Kerr, 62 Pa. 353 ; Penna. R. Co. v. Hope, 80 Pa. 373 ; and Hoag v. Railroad Co., 85 Pa. 293. It is most elaborately expressed by Chief Justice AGNEW in Penna. R. Co. v. Hope, in the following language : " The jury must determine, therefore, whether the facts constitute a continuous succession of events, so linked together that they become a natural whole, or whether the chain of events is so broken that they become independent, and the final result cannot be said to be the natural and probable consequence of the primary cause,—the negligence of the defendants ; " and the rule is again put somewhat more tersely by the present Chief Justice in Hoag v. Railroad Co., as follows : " The injury must be the natural and probable consequence of the negligence ; such a

consequence as . . . . might and ought to have been foreseen by the wrong-doer as likely to flow from his act."

The three leading cases above referred to, though frequently cited on opposite sides of the same argument, are not at all in conflict in principle. The different results which were reached in them depended not on any different view of the law, but of the facts, and on the application of the familiar doctrine that, where a plain inference is to be drawn from undisputed facts, the court will decide it as a matter of law. In Penna. R. Co. v. Kerr, the negligence had been held by the court below to be the proximate cause of the plaintiff's loss. This court held that it was remote, and did not award a new venire, but said that it would do so if plaintiff should desire it upon grounds shown. The question was then new; and, from what was said about the venire, the court itself does not seem to have been entirely clear that it should be decided as matter of law. It may be doubted whether, on the same facts, the court would not now send it to a jury. Certainly no subsequent case has assumed to decide where the facts were so near the line. Hoag v. Railroad Co. was a much clearer case, and so were Pittsburgh etc. Ry. Co. v. Taylor, 104 Pa. 306; West Mahanoy Tp. v. Watson, 116 Pa. 344; South Side Pass. Ry. Co. v. Trich, 117 Pa. 390, and the other cases where the court has pronounced the negligence to be remote as matter of law. But, whatever the result of the views taken of the facts in these cases, the principles of decision are the same in all.

In the present case, the learned judge left the question of proximate or remote cause to the jury, in substantial conformity with the doctrine of Penna. R. Co. v. Hope. Appellant, however, claims that the succession of events was so broken as to bring the case under Hoag v. Railroad Co., and require the judge to direct the jury in its favor. The break in the chain of events was merely a gap in the time. Had the fire extended from the stump to plaintiff's lumber without interval, on the same afternoon, this case would have been exactly parallel with Penna. R. Co. v. Hope. But the fact that the fire smouldered awhile in the stump, and, after it was supposed to have been extinguished, broke out again the next day, while it makes the conclusion less obvious that the damage was done by the same fire, does not interpose any new cause, or enable

the court to say as matter of law that the causal connection was broken. The sequence from the original fire to the burning of plaintiff's logs was interrupted by two apparent cessations of the fire, but the jury have found that the cessations were only apparent, leaving intervals of time in the visible progress of the fire, but making no real break at all in the actual connection. In Railroad Co. v. Kerr, page 366, it is said by THOMPSON, C. J., that the rule " is not to be controlled by time or distance, but by the succession of events ; " and in Hoag v. Railroad Co., TRUNKEY, P. J., in charging the jury, had quoted the foregoing, and added : " Whether the fire communicated to the plaintiff's property within a few minutes, or after the lapse of hours from the negligent act, may be immaterial." It is said in this case that the agents of plaintiff on the ground did not anticipate a further spread of the fire after the interval of time, and therefore it cannot be assumed that the defendant should have anticipated it. But the agents of plaintiff did not expect it, because they thought the fire had been put out, not because they did not see the danger of its spreading while it was burning; and this was the danger that appellant was bound to contemplate, to wit, the natural and probable consequence of the original act, not the effect of the supposed extinguishment subsequently. The pauses in the progress of the fire, therefore, and the lapse of time, while matter for the consideration of the jury in determining the continuity of effect, do not of themselves make such a change as requires the court to say that they break the connection.

But it is argued that it was not until the next morning after the fire started in the stump, and during the time when it was apparently extinguished, that the wind rose, and became a new cause of the spread of the fire to plaintiff's lumber. This, however, was, like the point already considered, dependent on the circumstances. In Penna. R. Co. v. Hope, one of the facts was a strong wind which carried the fire, and so, also, it was in Penna. etc. R. Co. v. Lacey, 89 Pa. 458, and in Lehigh V. R. Co. v. McKeen, 90 Pa. 129 ; and in this last case, TRUNKEY, J., says the jury " could also determine whether dry weather and high winds, in the spring time, are extraordinary, and whether, under these conditions, . . . . the injury was within the probable foresight of him whose negligence ran through

Opinion of the Court.

from the beginning to the end." No doubt a hurricane or a gale may be such as to be plainly out of the usual course of nature, and therefore to be pronounced by the court as the intervention of a new cause. Such a wind would be like the flood in Morrison v. Davis, 20 Pa. 171. But the ordinary danger of wind helping a fire to spread is one of the things to be naturally anticipated. The lapse of time before the wind rose, in this case, was therefore not clearly a new cause to be so pronounced by the court, but a circumstance to be considered, with the others, by the jury.

On this branch of the case, generally, the injury was not more remote from the alleged cause than in Penna. R. Co. v. Hope, supra; Penna. etc. R. Co. v. Lacey, 89 Pa. 458, and Lehigh V. R. Co. v. McKeen, 90 Pa. 129; and not so much so as in Fairbanks v. Kerr, 70 Pa. 86, and Oil Creek etc. Ry. Co v. Keighron, 74 Pa. 316, in all of which the question was held to have been properly submitted to the jury.

There remains only the question of contributory negligence, and we do not find any evidence that would have justified taking this from the jury. If plaintiff had not known of the fire in the stump, he would have had no duty in regard to it; but, knowing of it, he was bound to take all reasonable and practicable measures to prevent its spreading to his lumber. He was not an insurer. The measure of his duty in this regard was reasonable care and diligence, and whether he used these was fairly and accurately submitted to the jury. That they found against the defendant's view was no fault of their instruction as to the law.

Judgment affirmed.