**DONALDSON v. TUCSON GAS, ELECTRIC LIGHT & POWER CO. et al.**

No. L–667.

District Court, D. Arizona.

Nov. 27, 1935.

Misbaugh & Fickett, of Tucson, Ariz., for plaintiff.

Darnell, Pattee & Robertson, of Tucson, Ariz., for defendants.

SAMES, District Judge.

The complaint charges the defendant Tucson Gas, Electric Light & Power Company, a foreign corporation, and defendant Russell V. Sanford, a resident of the state of Arizona, superintendent of the electrical department of said defendant utility company, jointly, with negligence resulting in plaintiff's injury. The negligence alleged consists of noncompliance on the part of both defendants with general order No. 37 of the Arizona corporation commission adopting the National Electric Safety Code published by the Federal Bureau of Standards, in the maintenance of the apparatus for the transmission of electric current to the motor at the well on plaintiff's premises.

The defendant corporation contends that the joinder of Sanford as defendant in the action is fraudulent and to prevent removal, and that the action is removable to the federal court for the reason that the complaint does not state a cause of action against its codefendant Sanford, since the negligence charged consists only of omissions or nonfeasance on the part of Sanford in his employment with the defendant company for which he is not liable to third persons, and that a separable controversy between the plaintiff and the defendant utility company is presented to which the defendant Sanford is not a proper, necessary, or indispensible party.

If no cause of action against the defendant Sanford is alleged in the complaint, the motion to remand should be denied. If a joint cause of action against both defendants is disclosed, this court is without jurisdiction to entertain the same and the action should be remanded to the state court.

The weight of authority in the federal courts seems to be that the servant is not liable to third persons for nonfeasance or mere omissions, in the employ of his master unless some duty on the part of the employee to the person injured is shown.

Knight v. Atlantic Coast Line R. Co. et al. (C.C.A.) 73 F.(2d) 76, 99 A.L.R. 405; Morefield v. Ozark Pipe Line Corporation (D.C.) 27 F.(2d) 890; Davis v. St. Louis & S. F. R. Co. (D.C.) 8 F.Supp. 519; Macutis v. Cudahy Co. (D.C.) 203 F. 291; Kelly v. Chicago & A. R. Co. (C. C.) 122 F. 286.

In all of the federal cases examined in which the court held that the employee was not liable for nonfeasance or omissions in his master's service to third persons injured thereby, no statutory duty on the part of the employee was involved.

Where the employee in the performance of the duties of his employment owes a duty to the public as well as to his master, he is liable for injuries resulting from a violation thereof. Burrichter v. Chicago, M. & St. P. R. Co. (D.C.) 10 F. (2d) 165.

The first inquiry therefore is: Does the complaint disclose a cause of action against the defendant Sanford?

The existence of a cause of action is to be determined by the law of the state where the injury occurs. Jarrett v. Wabash R. Co. (C.C.A.) 57 F.(2d) 669.

Section 729, Revised Code of Arizona 1928, provides as follows: "Every officer, agent, or employee of any public service corporation, who violates or fails to comply with, or procures, aids, or abets any violation by any public service corporation of any provision * * * of any order, rule or requirement, of the commission, is guilty of a misdemeanor." It does not appear that this statute has ever been construed by the Supreme Court of Arizona and the question of civil liability against such officer, agent, or employee for its violation to the party injured, determined. The enactment is an added provision of law for the safety of the general public.

Where a statute, though penal in character, plainly imposes a duty for the benefit of a class of individuals, a right of action accrues to a person of such class injured through breach of the duty. Narramore v. Cleveland, C. C. & St. L. R. Co. (C.C.A.) 96 F. 298, 48 L.R.A. 68; Burrichter v. Chicago, M. & St. P. R. Co., supra; Zajkowski v. American Steel & Wire Co. (C.C.A.) 258 F. 9, 6 A.L.R. 348; Ross v. Schooley (C.C.A.) 257 F. 290; Texas & N. O. R. Co. v. Brotherhood

248

of Railway and Steamships Clerks (C.C. A.) 33 F.(2d) 13; Armour v. Wanamaker (C.C.A.) 202 F. 423.

■ The Supreme Court of Arizona in the case of Salt River Water Users' Ass'n v. Compton, 39 Ariz. 491, 8 P.(2d) 249, held that where a valid statute enacted for public safety, or government regulation made in pursuance thereof, provides that a certain thing must, or must not, be done, if a failure to comply with the regulations is the proximate cause of injury to another, such failure is actual negligence. General order No. 37 of the Arizona corporation commission was referred to but found not applicable to the defendant in that case. In the case of Salt River Water Users' Association v. Green, 39 Ariz. 508, 509, 8 P.(2d) 255, a violation of said order No. 37 as amended was alleged. The court reiterates the rule laid down in the Compton Case and added that such violation is negligence per se; that if there is evidence in the record showing that the defendant did violate a valid regulation affecting it and plaintiff was injured thereby, there would be a prima facie case to go to the jury.

It seems clear that the first question on the removal petition must be answered in the affirmative. It remains to be determined whether the controversy is joint or several for the purpose of removal.

■ The law of the state where the action is brought determines whether the liability is joint or several. McFarland v. Goodrich Rubber Co. (C.C.A.) 47 F.(2d) 44; Yoes v. Continental Oil Co. (D.C.) 5 F. Supp. 575; Morris v. E. I. Du Pont De Nemours & Co. (C.C.A.) 68 F.(2d) 788; Kelly v. Robinson (D.C.) 262 F. 695; Davis v. Standard Oil Co. (C.C.A.) 47 F.(2d) 48; Watson v. Chevrolet Motor Co. (C. C.A.) 68 F.(2d) 686.

■ In the case of Davis v. Boggs, 22 Ariz. 497, 199 P. 116, the result of a crossing accident, in which the negligence charged against the railway company and its employee jointly was the failure to ring the bell on approaching the crossing as required by the statute, the Supreme Court held that the master may fairly be held to be under obligation to see that his servants do not violate the criminal law in the operation of his equipment and that the legislative precaution for public safety should be obeyed by his employees. The rule of respondeat superior operates to charge masters where the act done by the servant is prohibited by statute.

The plaintiff in the instant case alleges that though the defendants were notified of the defective and dangerous condition of the electrical apparatus on the premises of the plaintiff, the defendants failed and omitted to put such apparatus in a safe and proper condition in accordance with the specifications and requirements of the National Electric Safety Code and in said omission violated said general order No. 37 of the Arizona corporation commission.

■ The liability of the defendant Sanford, superintendent of the electrical department of the defendant company, is predicated on the statutory duty imposed upon him as the employee of the company. The statute, section 729 of the Arizona Rev.Code 1928, does not include the utility company in its provisions. It punishes the corporation's employees for violations of the orders of the commission regulating the utility company. Section 725, Id., provides for recovery against the utility corporation for such violations by persons injured thereby. The liability of defendant company, as alleged in plaintiff's complaint, arises on the relationship of master and servant as defined in Davis v. Boggs, supra. The master may be jointly sued with his servants when it is sought to make the corporation liable only by reason of their negligence, and solely upon the ground of the responsibility of a principal for the act of his servant, though not personally present or directing and not charged with any concurrent act of negligence. Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann. Cas. 1147; Southern R. Co. v. Carson, 194 U.S. 136, 137, 24 S.Ct. 609, 48 L.Ed. 907; Chesapeake & O. R. Co. v. Dixon, 179 U.S. 131, 21 S.Ct. 67, 45 L.Ed. 121; Charman v. Lake Erie & W. R. Co. (C.C.) 105 F. 449.

■ The plaintiff may determine whether his cause of action be joint or several. Hay v. May Department Stores Co., 271 U.S. 318, 46 S.Ct. 498, 70 L.Ed. 965; Olsen v. Jacklowitz (C.C.A.) 74 F.(2d) 718. "A defendant has no right to say that an action shall be several which a plaintiff elects to make joint." Torrence v. Shedd, 144 U.S. 527, 529, 12 S.Ct. 726, 727, 36 L.Ed. 528.

The question of the joinder of a cause of action for statutory negligence and one at common law on the doctrine of respondeat superior occurs in· this case. Some federal decisions, in actions in other states following local law, hold that they may not be so joined. Hane v. Mid-Continent Petroleum Corporation et al. (D.C.) 47 F.(2d) 244. The question, however, as shown by the authorities cited above, is one to be determined by the state law. The plaintiff has elected to sue jointly. If the language in Davis v. Boggs, supra, does not fully sanction such joinder, the question is nevertheless one for the state court to determine. Alabama Great Southern R. Co. v. Thompson, supra; Chicago, R. I. & P. Co. v. Dowell, 229 U.S. 102, 33 S.Ct. 684, 57 L.Ed. 1090; La Flower et al. v. Merrill et al. (D.C.) 28 F.(2d) 784.

In determining removability the case must be such as the plaintiff has in good faith made in his petition, and if the record discloses an assertion of a joint cause of action, the action is not removable unless the claim of joint liability is shown to be a sham or fraudulent device to prevent removal. Morris v. E. I. Du Pont De Nemours & Co., supra.

The court need only consider whether there is a real intention on the part of the plaintiff to secure a joint judgment or whether there is only a colorable ground for such claim shown by the record. Though plaintiff may have misconceived his cause of action and may have no right to maintain it against defendants jointly, that does not necessarily convert an alleged joint cause of action into a separable controversy. Where joint liability is predicated upon the responsibility of the master for the negligence of the servant and a joint judgment is sought against both, the case is not ordinarily removable on the ground that the servant was fraudulently joined to prevent the master from removing the case to the Federal court. The motives of plaintiff in making the claim of joint liability are not important because the motives of a party in bringing a lawsuit do not deprive the courts of jurisdiction to try it. Morris v. E. I. Du Pont De Nemours & Co., supra; Kraus v. Chicago, B. & Q. R. Co. (C.C.A.) 16 F.(2d) 79. The law looks to the case made in the pleadings and determines whether the state court shall be required to surrender its jurisdiction to the federal court. Morris v. E. I. Du Pont De Nemours &

Co., supra; Leonard v. St. Joseph Lead Co. et al. (C.C.A.) 75 F.(2d) 390.

It appearing to the court that the joinder of Sanford is not baseless and is not a mere sham or device to defeat removal, this action does not really and substantially involve a separable controversy properly within the jurisdiction of this court, the same should be remanded to the superior court of Pima county, state of Arizona, at defendant's costs.