512

James *v.* United Telephone Company, Appellant.

Argued March 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*William W. Hafer,* for appellant.

*Robert J. Stewart,* with him *Anderson, Ports, May, Beers, Blakey & Stewart,* for appellees.

OPINION BY MONTGOMERY, J., June 15, 1961:

This is an appeal by United Telephone Company from the refusal of the court below to grant its motions for judgment n.o.v. and for a new trial. A complaint in trespass was filed by Dewey W. James, trading as Hanover Diner, against Wilson Freight Forwarding Company and appellant to recover property damages resulting from an accident in which a truck of Wilson Freight Forwarding Company collided with a transmission cable of appellant, causing damage to an electrical neon sign of the diner.

Dewey W. James, appellee, operated a business establishment known as Hanover Diner located approximately two miles north of the center of the Borough of Hanover, York County, on the easterly side of Pennsylvania Legislative Route No. 94. The diner and a parking area located in the front and sides of the diner were constructed during the period of July 1, 1957 to September 4, 1957. During the construction, appellee filled and raised the elevation of the land on which these facilities were built by approximately two to five feet so as to make these facilities level with the highway. A line of telephone poles carrying a cable of appellant ran along the highway on the same side as

appellee's property. This line was owned and maintained by appellant telephone company.

During the construction of the diner, appellee had erected the electrical sign a few feet from the telephone cable and about four feet away from one of the poles that supported the cable. There was no evidence as to the height of the sign and the only evidence as to the height of the cable after the fill is an estimate of twelve feet six inches at its lowest point made by the engineering department of the appellant.

On or about August 23, 1957 and prior to the time that the diner was to be opened to the public for business, the telephone company was requested to raise the cable because of the possibility of danger to some vehicle coming in contact with it upon entering the appellee's property. Later, when appellee made application for an extension telephone, the company was again notified of the low cable and requested to raise it.

According to the appellant's testimony, on September 4, the district manager of the telephone company verbally ordered the central office repairman to have someone check the height of the cable; on September 6, the job was given a project number; and on September 9 a written order was made out for the job.

The diner was actually opened for business on September 6, 1957 and there is testimony that the appellant had been advised that the appellee hoped to open for business on Labor Day, September 2.

On September 11, at about 1:15 P.M., a tractor trailer of the Wilson Freight Forwarding Company entered the parking area of the diner. As it did so, the top part of the vehicle struck the cable which in turn broke the pole from which it was suspended, and either the cable or pole struck the sign causing damages stipulated to be in the amount of $1,483.80.

The jury returned a verdict in the amount of the stipulated damages in favor of the appellee against the

United Telephone Company and in favor of Wilson Freight Forwarding Company against the appellee.

The appellant, while agreeing that the evidence shows negligence on its part, contends that the appellee is barred from recovery by his contributory negligence, and/or appellant's negligence was not the proximate cause of the occurrence. It is proper to conclude that the jury found that the proximate cause of the accident was the negligence of the appellant in failing to raise its cable after notice and that there was no negligence on the part of either the appellee or the Wilson Freight Forwarding Company.

There can be no doubt that the appellee was aware of possible danger from the cable after the improvement of his property, otherwise he would not have notified appellant of the condition. However, this possible danger was not general but limited to occasions when a vehicle of a height equal or greater than the space between the ground and the low point of the cable might attempt to pass under it at the low point.

It must also be remembered that the appellee had no control over this cable. Exclusive control over it was in appellant. This is not a situation wherein a dangerous condition over which a landowner has control exists on his property. In fact, under the rule that the verdict winner is to be given the benefit of all reasonable inferences and the evidence read in the light most favorable to him, we may conclude that this cable was not over appellee's property but was merely along the highway in front of it. His duty to himself was to use reasonable care by the use of all practical means to avoid injury to himself or damage to his property by reason of the possible danger that was known by him to exist. *LeRoy Haverly v. State Line Etc. R. Co.*, 135 Pa. 50, 19 A. 1013. However, it is only when it is clear that the danger is so obvious that ordinary prudence would regard it as a risk or hazard and therefore avoid

it, that the court can say as a matter of law that the person taking the chance is guilty of contributory negligence. *Graham v. Reynoldsville Borough,* 132 Pa. Superior Ct. 296, 200 A. 681; *Lutz v. Scranton,* 140 Pa. Superior Ct. 139, 13 A. 2d 121.

In our opinion this case does not present such a situation. It was for the jury and not the court to say whether appellee exercised due care and took all practical means to avoid the harm that was done. As previously indicated harm from the cable was likely to occur only in exceptional circumstances—the presence of an extra high truck—at a particular spot. There were other points of entry to the parking lot where even the extra high truck could pass under the cable safely. Appellee had the further right to assume that truck drivers would use due care to observe the cable and avoid it. The cable was obvious to the drivers as well as to appellee. The accident occurred at 1:00 P.M. on a clear day. Further, it would be unreasonable to expect appellee to refrain from erecting his sign or opening his diner until such time as the appellant saw fit to raise its cable. Whether appellee should have posted notice of the condition to his business invitees, in addition to notifying appellant was, we think, a matter properly left to the jury.

We find no merit in appellant's other contention relating to proximate cause. It had adequate notices to correct the condition and it knew the use which appellee intended for his property as well as his intended day of opening. Its failure to respond more quickly was a matter for the jury to consider in determining the proximate cause of the occurrence.

Although we do not view this case in the light of exceptional risks involved with this type of cable as distinguished from a barrier of general nature, the duty on appellant as a user of the highway under franchise is, viz., the care to be exercised by a utility company in

the construction and maintenance of its lines and apparatus must be proportionate to the danger that may be reasonably apprehended from the location and nature thereof, and the greater the danger the greater must be the care. *Campbell v. Western Union Telegraph Company,* 139 Pa. Superior Ct. 553, 12 A. 2d 816; affirmed 341 Pa. 103, 17 A. 2d 346; 37 P.L.E., Telecommunications, §20 (p. 44).

Judgment affirmed.