Richard L. SHAFER and Joan H. Shafer, husband and wife, Appellants,

v.

The MOUNTAIN STATES TELEPHONE & TELEGRAPH COMPANY, a corporation, Appellee.

No. 19123.

United States Court of Appeals Ninth Circuit.

Aug. 18, 1964.

Jerry L. Angle, Gerald L. Cooley, Allen, Fels & Angle, Phoenix, Ariz., for appellants.

C. Webb Crockett, Arthur M. Johnson, Fennemore, Craig, Allen & McClennen, Phoenix, Ariz., for appellee.

Before JERTBERG and DUNIWAY, Circuit Judges, and JAMESON, District Judge.

JAMESON, District Judge:

Plaintiffs (appellants here) brought this diversity action for damages for personal injuries sustained by the plaintiff Joan Shafer on February 9, 1962, when she tripped over a telephone cord installed by the defendant in the medical records library of Maryvale Community

Hospital in Phoenix, Arizona, alleging that the accident and resulting injuries were proximately caused by defendant's negligence. At the close of plaintiffs' evidence, an order was entered directing a verdict for the defendant, and final judgment was entered thereon, from which this appeal was taken.

Joan Shafer was employed as medical records librarian at Maryvale Community Hospital in August of 1961, shortly before the hospital opened in September, and was assigned a room for the medical records library. The defendant installed telephone equipment in this room, including a telephone with an ordinary cord approximately six feet long. There is no contention that this installation was improper or that any liability arises therefrom.

Around October 1, 1961, Mrs. Shafer's desk was moved nearer the center of the room to facilitate contact with the doctors in the hospital. The ordinary cord would not reach her desk. Mrs. Shafer requested that the service be changed so that the telephone could be placed on her desk. The defendant thereupon changed the installation by adding a 13 foot extension cord.

About a month later another employee was hired and a third desk was placed in the room. Mrs. Shafer's desk was moved again, and the new desk was placed between her desk and the wall installation. To place the telephone on Mrs. Shafer's desk it was then necessary to run the extension cord under the new desk, across the passageway between the two desks and arched up to Mrs. Shafer's desk. Thereafter the telephone was switched back and forth between the two desks.

Mrs. Shafer soon decided that the new arrangement was a hazard, after she and other persons in the office had caught their feet on the cord. A Mr. Tom Allen represented the defendant at the hospital as a communications consultant. Mrs. Shafer talked to Allen and a telephone repairman about the situation and requested that the service be changed. Mrs. Shafer testified that Allen observed

the cord in the new position, agreed that it was a hazard, and said he would check to see whether a floor molding would be allowed.

During November, December and January Mrs. Shafer and others repeatedly requested Allen to correct the situation, but nothing was done prior to Mrs. Shafer's accident on February 9. In the meantime Mrs. Shafer had tripped over the cord on numerous occasions. Within a few days after the accident the defendant changed the installation, relocated the telephone instrument and cord and installed a second phone on the same extension.

Called as an adverse witness, defendant's vice president and general manager testified that it was part of the duties of communications consultants to recommend locations and installations of equipment and to recommend relocation if a particular location or installation is hazardous or dangerous and called to their attention; that under the rules and regulations of the Arizona Corporation Commission, defendant, upon request of a subscriber, has the duty to install, relocate and maintain the telephone equipment upon a subscriber's premises, placing the equipment at the location requested by the subscriber; and that it has the exclusive right to do so, together with exclusive control over its equipment.

The defendant is a public service corporation regulated by the Arizona Corporation Commission. A commission regulation in part provides that " * * * equipment, instruments and lines furnished by the telephone company on subscriber's premises shall be and remain the property of and must be installed, relocated and maintained by the telephone company * * *."

In granting defendant's motion for a directed verdict, the district court held that the regulation quoted supra "is a regulation as to service, rather than regulation and a spelling out of a duty for the protection of the public as to health and safety", and that " * * * having reached the conclusion that this is a regulation as to service and not as to health

and safety, it has no application to plaintiff's injury".

Recognizing that the defendant had a duty to furnish equipment that was reasonably fit and suitable for the purposes for which it was intended and to install the equipment in such a fashion that it would be reasonably safe for use, the trial court concluded that there was no evidence of any unsafe or defective equipment or of any improper installation, but rather that both the installation and equipment were fit and proper, and that in particular "it is reasonably fit and safe to use an extension cord—they are in common, ordinary daily use". Finally, assuming that the jury might find that the defendant was requested to change the location of the phone and failed to do so,[1] the court held that there was nothing in that failure that proximately caused the accident, so that if there were a breach of duty, "it could not have been the proximate cause of the plaintiff's injuries".[2]

■ This court has recognized the rule that "(U)pon appeal from a judgment of dismissal entered upon the close of a plaintiff's case-in-chief, the appellant is entitled to the benefit of every infer-ence which can reasonably be drawn from the evidence viewed in the light most favorable to the claim or cause of action asserted." Kingston v. McGrath, 9 Cir. 1956, 232 F.2d 495, 497, 54 A.L.R.2d 267. On the other hand, "(W)hen the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict, the court should determine the proceeding by non-suit, directed verdict or otherwise in accordance with the applicable practice without submission to the jury, or by judgment notwithstanding the verdict. By such direction of the trial the result is saved from the mischance of speculation over legally unfounded claims". Brady v. Southern Ry. Co., 1943, 320 U.S. 476, 479, 64 S.Ct. 232, 235, 88 L.Ed. 239.[3]

The primary question for determination is whether, viewing all of the evidence in the light most favorable to the plaintiff, the jury could properly find that any negligence of the defendant was the proximate cause of the injuries sustained by the plaintiff Joan Shafer.

Plaintiffs rely strongly upon the failure of the defendant to comply with the provisions of 12 Arizona Revised Stat-

1. The district court recognized that a failure to comply with the regulation might subject the defendant to fines and penalties. Section 40–426, 12 A.R.S. makes it a misdemeanor to violate or fail to comply with "any provision of the constitution of the state or of this chapter, or of any order, rule or requirement, of the commission * * *". Section 40–423 imposes civil liability where a public service corporation "does or permits to be done anything forbidden or declared to be unlawful, or omits to do anything required to be done, by the constitution or laws of the state, or by orders of the Commission * * *".

2. In explaining his conclusion the trial judge said in part:
"At no time was it (the telephone) fixed by the Telephone Company. At no time did the Telephone Company in any wise tell them where they must keep the phone. Whenever that telephone was so placed that its cord was laid in the pathway of workers, it was done by the person who moved the telephone.

"The telephone and its equipment in any other location except that in which it was placed by the people working in the room was perfectly safe and innocuous, in and of itself. * * *
"It may well be said that the plaintiff placed it on her desk because it was more convenient for her to do so and thereby increase her work, and that sort of thing. But she was not obliged to keep it there by reason of any action or conduct on the part of the defendant. It was placd there by the person who used the mobile telephone for the uses and intention for which it was installed, to move from desk to desk or place to place. So if a dangerous condition was created in the normal walkway between the two desks that used the phone, that dangerous condition was created by the person who utilized fit and proper equipment in a dangerous way."

3. See also State of Washington v. United States, 9 Cir. 1954, 214 F.2d 33, 41, and cases there cited.

utes, Section 40–423, quoted in footnote 1, and the regulations of the Arizona Corporation Commission issued pursuant thereto. The predecessor of this statute, Section 725 R.C. 1928, was construed by the Supreme Court of Arizona in Cole v. Arizona Edison Co., 1939, 53 Ariz. 141, 86 P.2d 946. Residents of a municipality sought recovery from a public service corporation operating the municipality's water works under a franchise requiring the corporation to furnish to the town water necessary to the extinguishment of fires, alleging that their property was destroyed by fire in consequence of the corporation's failure to maintain proper water pressure in the mains. In affirming an order sustaining a demurrer to plaintiffs' complaint, the court held, inter alia, that the statute did not create a new liability but was merely declaratory of the common law and conferred no rights upon citizens which they did not already have by reason of the common law.

█ It is true, as plaintiffs contend, that violation of a valid statute enacted for the public safety, or a governmental regulation made in pursuance thereof, is negligence per se; but the violation must also be a proximate cause of the injury to constitute actionable negligence. See Salt River Valley Water Users' Ass'n v. Compton, 1932, 40 Ariz. 282, 8 P.2d 249, 251; Donaldson v. Tucson Gas, Electric Light & Power Co., D.Ariz.1935, 14 F. Supp. 246; Sisk v. Ball, 1962, 91 Ariz. 239, 371 P.2d 594.

█ Even if we assume that section 40–423 was enacted for the public safety, which is questionable, the plaintiffs may not recover unless the jury might properly find from all the evidence that the violation of the statute was the proximate cause of the injuries. In Alires v.

Southern Pacific Company, 1963, 93 Ariz. 97, 378 P.2d 913, 918, the Arizona Supreme Court held that the trial court properly instructed the jury that: "The proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by any efficient, intervening cause, produces the injury and without which the result would not have occurred."

█ Even if the failure of the defendant to relocate the telephone upon request constituted a violation of the regulation,[4] we agree with the district court that it is clear from the evidence that the action or omission of the defendant was not the proximate cause of the accident. The installation was in no way defective and, as the trial court held, was perfectly safe in and of itself. Mrs. Shafer by her own choice placed the telephone upon her desk, thereby forming the loop upon which she tripped. It was her use of the telephone, rather than any defect in the equipment or improper installation, which was the cause of her accident.

This case is distinguishable from cases relied upon by plaintiff which involve either an inherently dangerous instrumentality or a defect in the mechanism of the equipment or its installation. Thus, James v. Wilson Freight Forwarding Co., 1961, 195 Pa.Super. 512, 171 A.2d 585 (involving low hanging lines); Gandy v. Southwestern Bell Telephone Co., Tex.Civ.App.1960, 341 S.W.2d 554 (involving excessive noises over the telephone); City of Yuma v. Evans, 1959, 85 Ariz. 229, 336 P.2d 135 (where the injuries were caused by contact with an insulated electrically charged wire); Jaehne v. Pacific Tel. & Tel. Co., 1951, 105 Cal.App.2d 683, 234 P.2d 165 (where a defective telephone cord pricked plain-

4. It should be noted also that the contract for service was between the hospital and defendant, rather than between the plaintiffs and the defendant. It was held in Cooper v. Southwestern Bell Telephone Co., 1944, 159 Kan. 67, 151 P.2d 692, which involved an almost identical accident, that the "telephone company had no business or contractual relationship with plaintiff respecting the installation of its telephone service in the office where she worked," and * * * "was not bound to heed plaintiff's demand that the telephone and its cord be moved. * * * It owed her no special duty". (151 P.2d 693.)

tiff's finger); and Central Arizona Light & Power Co. v. Bell, 1937, 49 Ariz. 99, 64 P.2d 1249 (where a gas stove exploded) are inapposite.

The judgment is affirmed.