439 P.2d 517

**Marshall C. CHRISTY, dba Continental Rent-A-Car of Phoenix, Appellant,**

v.

**Thelma Jean Groom BAKER, Appellee.**

**No. I CA–CIV 562.**

Court of Appeals of Arizona.

April 8, 1968.

Rehearing Denied May 6, 1968.

Review Denied June 4, 1968.

Rawlins, Ellis, Burrus & Kiewit, by Norman D. Hall, Jr., Phoenix, for appellant.

Charles M. Brewer, Phoenix, for appellee.

DONOFRIO, Judge.

Thelma Jean Groom, now Thelma Jean Groom Baker, plaintiff below, instituted this action for injuries sustained as a result of an automobile accident involving a 1963 Cadillac in which she was riding as a passenger. The car was owned by Marshall C. Christy, defendant below, who operated a car rental business, and was driven at the time of the accident by one Walter Walk who was killed in the mishap.

Mr. Walk worked as a chef at the Caravan Inn. He had rented cars from defendant at least three times and always returned them in good condition. On July 16, 1963, Walk rented the Cadillac from defendant's employee, Rosenquist. The rental agreement was signed at about 7:00 p. m. in front of Walk's motel room where Rosenquist had delivered the car. Rosenquist asked to examine Walk's driver's license but Walk did not produce it, although he stated he had one. The information from the license necessary for the application was filled in later by Rosenquist from former rent cards in defendant's files.

In renting the car Walk had planned to take plaintiff to Payson to visit plaintiff's children and her parents. Before taking the trip that evening plaintiff and Walk met at his room at the Caravan Inn and had one drink of Scotch and water and then later had dinner. They left Phoenix in the car and were proceeding toward Payson when the accident happened.

Plaintiff had dozed off in the car which was being driven by Walk and was resting at the time of the accident and remembers nothing about it until she awakened later in the hospital. Patrolmen investigating the accident found the car about nine miles north of McDowell Road on the Beeline Highway at approximately 9:40 p. m. on July 16, 1963. The automobile was completely demolished and resting on its top when found. Walk had been killed in the accident and plaintiff was unconscious.

When the car was leased to Walk he in fact did not possess a valid driver's license. The background of this was that he had been convicted of driving while under the influence of intoxicants and as a result the Arizona Highway Department had ordered him to appear for a hearing. He failed to appear at this hearing and his license was ordered suspended for three months. The reason for his failure to appear was that he had not received the notice which was mailed to him, he having

moved from the Tempe address to which it was sent. There was testimony at the trial to the effect that had he appeared he would only have been reprimanded instead of having his license suspended. Acting upon the pickup order issued by the Department, Walk's license was taken from him by an officer on the 2nd day of July, 1963.

A.R.S. § 28-477, subsection B, provides:

"No person shall rent a motor vehicle to another until he has inspected the operator's or chauffeur's license of the person to whom the vehicle is to be rented and compared and verified the signature thereon with the signature of the person written in his presence."

This section is found in the chapter dealing with the licensing of operators and chauffeurs and the violation of its provisions is made a misdemeanor. The sole question presented is whether a person in the automobile rental business who violates this statute is strictly liable to a third person injured by the borrower's negligent operation of the vehicle. There was no showing of incompetency on Walk's part, and in fact plaintiff testified that she had ridden with Walk on prior occasions and considered him to be a capable driver. Therefore, the liability of the defendant, if any, hinges on the violation of the statute.

■ Arizona has in many decisions held that a person who violates a statute enacted by the Legislature for the protection and safety of the public is guilty of negligence per se. Brand v. J. H. Rose Trucking Company, 102 Ariz. 201, 427 P.2d 519 (1967); Caldwell v. Tremper, 90 Ariz. 241, 367 P.2d 266 (1962). Defendant does not deny the violation of the statute and therefore this opinion will be limited to the question of whether the negligence of defendant in violating the statute may be said to be one of the proximate causes of plaintiff's injuries.

■ Our Supreme Court has held that in order to recover, the plaintiff must show that violation of a statute or ordinance was

the proximate cause of his injury. In Pratt v. Daly, 55 Ariz. 535, 104 P.2d 147, 130 A.L.R. 341 (1940), the court said:

> "* * * Whenever a valid statute or regulation provides that a certain thing must or must not be done, *if a failure to comply with such regulation is a proximate cause of injury to another, such failure is actionable negligence per se.* * * *" (Additional emphasis ours) 55 Ariz. at 537, 104 P.2d at 148.

This rule is still the law and has been adhered to recently by both the Court of Appeals and the Supreme Court. (Beaty v. Jenkins, 3 Ariz.App. 375, 414 P.2d 763 (1966) and Brand v. J. H. Rose Trucking Company, supra). The rule has recently been summarized by the United States Court of Appeals, Ninth Circuit, as follows:

> "It is true, as plaintiffs contend, that violation of a valid statute enacted for the public safety, or a governmental regulation made in pursuance thereof, is negligence per se; but the violation must also be a proximate cause of the injury to constitute actionable negligence. See Salt River Valley Water Users' Ass'n v. Compton, 1932, 39 Ariz. 491, 8 P.2d 249, 251; Donaldson v. Tucson Gas, Electric Light & Power Co., D.Ariz. 1935, 14 F.Supp. 246; Sisk v. Ball, 1962, 91 Ariz. 239, 371 P.2d 594.

> "Even if we assume that section 40–423 was enacted for the public safety, which is questionable, the plaintiffs may not recover unless the jury might properly find from all the evidence that the violation of the statute was the proximate cause of the injuries. In Alires v. Southern Pacific Company (1963) 93 Ariz. 97, 378 P.2d 913, 918, the Arizona Supreme Court held that the trial court properly instructed the jury that: 'The proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by any efficient, intervening cause, produces the injury and without which the result would not have occurred.'" Shafer v. Mountain States Tel.

& Teleg. Co., 335 F.2d 932 (1964) at 935.

The Supreme Court has often defined proximate cause as was quoted in Shafer v. Mountain States, supra, and most recently in Brand v. J. H. Rose Trucking Company, supra. In the instant case it was uncontested that the accident was caused by the negligence of Mr. Walk in driving the rented vehicle. Plaintiff contends that sufficient proximate cause linking defendant to plaintiff's injuries is shown where the car was rented in violation of the statute, to a person whose negligence later causes injury. We do not agree. This would be in effect placing strict liability on car rentals for the torts of persons to whom they have rented cars in violation of the statute. If this was the intent of the Legislature in passing § 28–477, the statute would have been so worded rather than attaching a criminal misdemeanor penalty to it. Other Arizona statutes, such as A.R.S. § 28–417, subsec. B and § 28–420 do provide for joint and several civil liability for those either signing the license application for a person under 18 years of age or allowing such a person to drive without a license. The Legislature made no provision for civil liability for violation of the statute involved in this case. We are not prepared to legislate strict tort liability by judicial decision for the violation of this statute. If liability is to attach it must be proven under the traditional tort law that the negligence in violating the statute proximately caused the injury complained of.

The case of Hertz Driv-Ur-Self System, Inc., v. Hendrickson, 109 Colo. 1, 121 P.2d 483 (1942), is very close to the case at bar. In that case the plaintiff was a passenger in a car rented from the defendant company and was injured when the car was involved in an accident due to the driver's negligence. The driver had no license, and the rental of a car to an unlicensed driver was a violation of Colorado statute. This statute is very similar to that of Arizona. After stating violation of the statute was

negligence per se the court added that unless the violation was shown to be the proximate cause of the injury, then no liability attached. In summing up the standard of proof, the court stated:

"* * * As already indicated, he had previously rented cars from defendant on thirty-three occasions and had driven them without so much as denting a fender. He had for several years driven other cars in the course of his employment in Denver without being involved in any accident. From this record it becomes apparent that Miss H failed to prove one of the essential allegations of her complaint; consequently the trial court should have directed a verdict for defendant. There being no conflicting evidence as to the competency of Reid as a driver, the question of proximate cause was for the court." 121 P.2d at 484

As in the *Hertz* case, the facts of the instant case show Walk had rented cars on previous occasions and had returned them in proper condition. Further, plaintiff herself testified as to Walk's competency as a driver.

Counsel for plaintiff has cited several cases where a car lessee has been held liable for injuries incurred when the unlicensed lessor has had an accident. These cases can be distinguished as they have involved either drivers who were incompetent, or occurred in states which had statutes making lessors civilly liable for such injuries, as is true in California. Neither applies in the instant case. The only evidence which was presented that would infer Walk was incompetent was the fact that his driver's license was taken. In Lutfy v. Lockhart, 37 Ariz. 488, 295 P. 975 (1931), the court in holding the mere lack of a license is not proof of incompetency, stated:

"* * * While possession of an operator's license, regularly issued, might be some evidence of his competency, the lack of such license would be no evidence whatever that he was not a capable, skilled, and safe driver. To say the owner's knowledge that the person to whom he loaned his car was not licensed to drive would make him liable for the latter's torts committed in the course of its use would extend the rule to include cases far beyond its application in the past. * * *"

In passing on the responsibility of the owner of a car driven by an unlicensed driver, the Supreme Court in *Lutfy* further said:

"There is no evidence that William Lutfy was an incompetent or reckless driver. On the contrary, the evidence was to the effect that his experience in operating an automobile extended over a period of ten years. It is clear to our minds that no case was made against James Lutfy, and that the court erred in submitting it to the jury and in refusing to grant the motion for an instructed verdict as to him." 37 Ariz. at 493, 494, 295 P. at 977.

There is no question but that defendant's employee violated the statute and the requirements of defendant's training manual which requires the employee to inspect the license and compare the signature thereon with the signature of the customer written in his presence. Although there was negligence in allowing Walk to rent the car without showing a valid license, this negligence was not a proximate cause of plaintiff's injuries. The fact that Walk did not have a valid license did not make him incompetent to drive. If he had been an incompetent driver and defendant knowingly leased him a car with resulting injuries to plaintiff, then there might have been proximate cause. In such case, the fact that defendant leased a car to an incompetent driver could be said to have led naturally and continuously without intervening cause to the injuries to plaintiff. We are not called to pass upon such a question. Here the evidence shows the driver was competent and the reason for his not having a driver's license in his possession was not shown

to have played any part in the accident. The defendant could not have foreseen that the injury which occurred would be a likely result of his act in leasing the car. The accident would have occurred whether or not Walk had a valid driver's license in his possession.

⌐ We are aware that generally proximate cause is for the jury. Brand v. J. H. Rose Trucking Company, supra. However it is incumbent upon plaintiff when alleging negligence to present evidence from which it may reasonably be inferred that the negligent conduct on the part of defendant was a proximate cause of plaintiff's injuries. Finn v. J. H. Rose Truck Lines, 1 Ariz.App. 27, 398 P.2d 935 (1965); Rosendahl v. Tucson Medical Center, 93 Ariz. 368, 380 P.2d 1020 (1963). In the case at bar we find there was no evidence linking plaintiff's injuries to defendant's act. The trial court erred in failing to direct the verdict in favor of defendant Christy.

Judgment reversed.

CAMERON, C. J., and STEVENS, J., concur.