429 P.2d 1

James E. HENSLEY and Hazel Hensley, husband and wife, Appellants,

v.

A. J. BAYLESS STORES, INC., a corporation, Appellees.

No. 1 CA–CIV 368.

Court of Appeals of Arizona.

June 16, 1967.

Rehearing Denied Aug. 17, 1967.

Review Denied Oct. 13, 1967.

W. Roy Tribble, Chandler, for appellants.

Moore, Romley, Kaplan, Robbins & Green, by Philip A. Robbins, Craig Kepner, Phoenix, for appellee.

LAURENS L. HENDERSON, Judge of Superior Court.

This is an appeal by the plaintiffs (appellants) from a summary judgment rendered under Rule 56, Rules of Civil Procedure, 16 A.R.S., by the trial court pursuant to a motion by the defendant (appellee).

Appellants sued appellee to recover damages for personal injuries sustained by plaintiff wife, Hazel Hensley, and by plaintiff husband, James E. Hensley, for loss of consortium all as the result of the alleged

negligence of the defendant. It is not necessary to discuss the husband's claim and we will refer only to Mrs. Hensley as the plaintiff who sustained the personal injuries.

Plaintiff alleges that she was an invitee upon the premises of the defendant, who operated a retail store at Apache Junction, Arizona, and that as she was in the process of entering defendant's store to make grocery purchases, another customer carelessly and negligently emerged from the store carrying a large and heavy bag of groceries, struck and knocked plaintiff down, inflicting upon her severe and permanent injuries. The other customer was never identified.

The specific acts of negligence charged against defendant "in addition to the negligence of Defendant's (other) customer" were that the door from which the unknown other customer emerged was inadequate, too narrow and allowed insufficient space for exit, and that there was overcrowding of merchandise within the store together with a clutter-up condition of signs too near the doors.

The defendant admits the accident occurred at the time and place in question and that plaintiff was injured, but denies any negligence and asserts the affirmative defenses of contributory negligence and assumption of risk.

It is conceded by the defendant, and this Court agrees, that plaintiff has stated a good and sufficient cause of action in that complaint. The complaint is well-drafted. The problem presented to this Court is whether the defendant's motion for summary judgment was properly granted by the trial judge, and in determining this question, we are now concerned with the facts stated under oath supporting the respective contentions of the parties, as reflected in said motion and the response thereto.

Basically, it is the plaintiff's contention that the outside guide rail or bar extending at right angles from the swinging "In"

glass door was not properly situated and that had it been properly situated, such as in the middle of the glass doors, it would have prevented the unknown customer from striking the plaintiff. Plaintiff maintains this is a jury question and that, therefore, the motion for summary judgment in favor of the defendant did not properly lie.

The answers of Mrs. Hensley to interrogatories and to questions in her deposition show: " * * * (A) man came rushing out, a large man, and as I turned to go in my door he came out and he was carrying a package that must have been canned goods, he came over towards my side, which the door—the partition is not in the center, see, like most doors, the partition is over on the side that you go in, and he come and—and he come rushing out with this package hanging over his arm, and as he got out I turned to go in, and he whirled right quick to see if somebody behind him was coming and he hit me right there (indicating)."

Further testimony of plaintiff in her deposition shows:

"Q  But you don't know why he did, why this man did that?

"A  Something must have went wrong inside because he came rushing out.

"Q  You don't know why he did?

"A  I didn't talk to him. He didn't stop.

"Q  All right.

"A  But I do know if he came straight out the door and came out like an ordinary person—

"Q  There would not have been an accident?

"A  There would be no accident.

"Q  You don't know why he turned to his left and why he didn't walk straight out?

"A  I don't know why he didn't. I don't know.

552

"Q  Okay.

"A  But I know if he came straight out he wouldn't have hit me."

Elsewhere, plaintiff stated, "That partition should be put in the center."

The defendant in support of its motion for summary judgment submitted affidavits and included as exhibits several photographs of the entrance in question. These exhibits show two glass double doors separated by a glass partition wall equal in width to approximately one-half the width of one glass door. The "In" door has a guide rail or dividing partition next to the swinging edge of the "In" door, extending from the glass wall towards the street. The width of the exit area in front of the "Out" door is the width of the "Out" door plus the entire width of the glass partition dividing the two doors. On the inside of the "Out" door there is a divider or guide rail adjacent to the swinging part of the "Out" door extending inward, the partition being identical to the outside partition. Another divider outside of the "Out" door extends on the sidewalk from the hinge edge of the door.

As to the allegations made by plaintiff about boxes or cluttered areas or obstructions, plaintiff did not remember or was too vague to offer any positive testimony in that regard.

■ In considering a motion for summary judgment, this Court must take that view of the evidence most favorable to plaintiff and give to the plaintiff the benefit of all favorable inferences that may reasonably be drawn from the evidence. If, when viewed in this manner, the evidence is such that reasonable men might reach different conclusions as to whether there is a genuine issue as to any material fact, the motion must be denied. Summary judgment is not a substitute for a trial. Cummings v. Prater, 95 Ariz. 20, 386 P.2d 27 (1963); Arizona Coffee Shops, Inc. v. Phoenix Downtown Parking Association,

Inc., 95 Ariz. 98, 387 P.2d 801 (1963); Peterson v. Valley National Bank of Phoenix, 90 Ariz. 361, 368 P.2d 317 (1962).

Plaintiff offered no testimony contravening the positive testimony of the defendant and its attached exhibits, except to rely upon the answers by Mrs. Hensley in her deposition and in her answers to interrogatories to the effect that the accident would not have happened if the door had been constructed differently. Plaintiff's testimony also shows that there were no obstructions which barred vision through the glass doors and that the doors themselves did not come in contact with the plaintiff.

Plaintiff's counsel most strenuously urges that plaintiff has stated a good cause of action and that the allegations in the complaint are sufficient to establish negligence. As stated above, a good cause of action has been stated, but neither a moving party nor a respondent to a motion for summary judgment can rely alone on the allegations made in the pleadings. Wakeham v. Omega Construction Company, 96 Ariz. 336, 395 P.2d 613 (1964); Perez v. Tomberlin, 86 Ariz. 66, 340 P.2d 982 (1959).

■ When a moving party to a motion for summary judgment furnishes positive sworn facts on a material issue and makes a prima facie case, it is incumbent upon the adverse party to contradict this in a positive manner by sworn proof. Testimony of a witness, even under oath, has no probative value if it merely asserts or denies allegations, or relates only to a conclusion of the witness, or is in the realm of pure speculation, or states an immaterial or irrelevant fact. Absent statements of fact under oath as to the existence of material facts, the allegations in the pleadings and the arguments and legal memoranda in support of a party's position can carry no weight whatsoever in determining the merits of a motion for summary judgment.

In the instant case, the proof submitted by the defendant clearly shows a typical

glass door entrance to a modern market or retail store, the doors being adequately marked "In" and "Out", with dividing bars separating traffic going in and out of the store and which bars also obviously act as a guard for pedestrian traffic on the sidewalk adjacent to the store for the purpose of guarding against the doors swinging onto the sidewalk. These photographs, undisputed by plaintiff, may be considered by both the trial and appellate courts. Cummings v. Prater, supra. No positive proof to the contrary was submitted by the plaintiff, other than the conclusions of the plaintiff along with her speculation that the door should have been otherwise constructed in order to prevent the unknown customer from knocking her down as she described.

It is well established law that a retail storekeeper is not an insurer of the safety of a customer. The storekeeper can only be held liable for its own negligence and cannot normally be held for the independent negligent acts of a third person. Burkley v. Great Atlantic & Pacific Tea Co., 265 F.2d 606 (4th Cir. 1959); Otto v. Phillips, 299 S.W.2d 100 (Ky.1956); Waugh v. Great Atlantic & Pacific Tea Co., 317 Mass. 230, 56 N.E.2d 465 (1944); Porter v. California Jockey Club, 134 Cal.App.2d 158, 285 P.2d 60 (1955).

In this case, there is nothing to show that defendant could have been expected to anticipate and guard against the acts of the third person. The plaintiff did not come forward with any sworn proof of material specific facts in support of her charge of negligence against the storekeeper, and in our opinion, the specific sworn proof submitted by the defendant negates any negligence on the part of the storekeeper. Plaintiff's specific positive charges of negligence related more directly to the independent acts of a third party, namely, the unknown customer, as the sole proximate cause of the injuries.

The Court holds that the trial judge properly granted the defendant's motion for summary judgment in the light of the requirements under Rule 56 of the Rules of Civil Procedure and, accordingly, the judgment must be affirmed.

CAMERON, C. J., and STEVENS, J., concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from the consideration of this cause, Superior Court Judge LAURENS L. HENDERSON was called to sit in his stead and participate in the determination of this matter.