449 P.2d 637

Anna KISER, Appellant,

v.

A. J. BAYLESS MARKETS, INC., an Arizona corporation, Appellee.

No. I CA–CIV 654.

Court of Appeals of Arizona.

Jan. 28, 1969.

Rehearing Denied Feb. 20, 1969.

Review Denied March 25, 1969.

**104**

Alan Philip Bayham, Jerome S. Gutkin, Raymond Huffsteter, Phoenix, for appellant.

Moore, Romley, Kaplan, Robbins & Green, by Donald R. Wilson and Craig R. Kepner, Phoenix, for appellee.

STEVENS, Judge.

This is an apeal by plaintiff from a summary judgment granted by the trial court in favor of defendant pursuant to Rule 56, Arizona Rules of Civil Procedure, 16 A.R.S.

Defendant was the lessee of a building located at 3417 North 16th Street, in Phoenix. The building was used by defendant for the purpose of conducting a grocery store. On 15 September, 1965, the plaintiff went to defendant's store for the purpose of making a purchase. While plaintiff was walking across the parking lot in the vicinity of the premises leased by defendant she fell in a sunken portion of the parking lot and was injured. On 26 April, 1966, plaintiff filed a complaint against defendant to recover damages for personal injuries sustained when she fell in the parking lot. The complaint was not verified. The complaint alleged that defendant was the owner or lessee and in possession or control of the parking lot where plaintiff was injured, and that defendant was negligent in permitting the parking lot to become unsafe. It was further alleged that defendant knew of the unsafe condition of the parking lot or that said condition had existed for a sufficient period of time that the defendant should have known of such condition.

Defendant filed its answer on 18 May, 1966, admitting that it was the lessee of a building located at 3417 North 16th Street, but specifically denying that it was lessee or in possession or control of the parking lot

alleged in plaintiff's complaint. The answer also denied negligence and contained a denial of each and every allegation of plaintiff's complaint not specifically admitted.

On 20 December, 1966, defendant moved for summary judgment on the grounds that it did not own, possess or control the parking lot where plaintiff was allegedly injured. Defendant conceded in its supporting memorandum that plaintiff was injured in the parking lot but urged that it was entitled to summary judgment because it had no control over the parking lot. Defendant's motion for summary judgment was supported by an affidavit of Ralph Kagi, who was property manager of A. J. Bayless Markets, Inc. The affidavit of Kagi appears as follows:

"RALPH KAGI, being first duly sworn, upon oath deposes and says:

"That he is Property Manager of A. J. Bayless Markets, Inc.; that as such he is in charge of the leasing of all property by A. J. Bayless Markets, Inc.; That on December 28, 1954 A. J. Bayless Markets, Inc. leased from Arizona Television Company, an Arizona corporation, a *building* located on property owned by Arizona Television Company, which property was located at 3417 North 16th Street, Phoenix, Arizona; and that said lease describes the leased premises as follows:

'A building 102 feet by 202 feet to be constructed by the lessor upon a portion of said Section 27 on the East side of Sixteenth Street between Osborn Road and Mitchell Street; the said leased premises having a frontage on Sixteenth Street of One Hundred Two Feet, after completion shall be designated as 3417 North Sixteenth Street, Phoenix, Arizona.'

"Affiant further states that the lease in question also includes the following provision in Paragraph III, subsection 2:

'Lessor shall keep and maintain the parking area planned for said shopping center in a good state of repair * *.'

"Affiant further states that the afore-quoted lease provisions were in full force and effect on September 15, 1965, and that on said date A. J. Bayless Markets, Inc. was not the owner, lessee, occupier or possessor of any parking lot premises at 3417 North 16th Street, Phoenix, Arizona".

Plaintiff opposed the motion and in support thereof filed an affidavit which, in substance, repeated the allegations of negligence contained in her complaint, and stated that plaintiff had assumed that the parking lot in question had been provided by defendant for his customers.

On 18 April, 1967, the trial court granted summary judgment in favor of defendant, a formal written judgment was entered, and plaintiff appealed.

Plaintiff's main argument on appeal is that there was a factual dispute as to the negligence of defendant in failing to maintain the parking lot in a safe condition. In support of this contention, plaintiff urges that the allegations contained in her complaint must be viewed by this Court as being true, and that when so viewed, the allegations were sufficient to create an issue of fact precluding summary judgment.

▪ We agree with plaintiff that in reviewing the order of the trial court granting defendant's motion for summary judgment, we must construe the record in a light most favorable to plaintiff, the party opposing the motion. Hensley v. A. J. Bayless Stores, Inc., 5 Ariz.App. 550, 429 P.2d 1 (1967); Patton v. Paradise Hills Shopping Center, Inc., 4 Ariz.App. 11, 417 P.2d 382 (1966). We do not agree, however, that the allegations contained in plaintiff's non-verified complaint are sufficient to controvert the specific facts contained in the sworn affidavit supporting defendant's motion for summary judgment.

Rule 56 of the Rules of Civil Procedure, 16 A.R.S., is the rule governing motions for summary judgments. Rule 56(b) provides that a defending party in an action "may, at any time, move with or without supporting affidavits for a summary judgment in

his favor as to all or any part thereof." Rule 56(c) establishes the standard for determining whether summary judgment should be granted to a moving party.

> "The judgment sought shall be rendered forthwith if the pleadings, deposition, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law."

Rule 56(e) relates to a motion for summary judgment supported by sworn affidavits, and is as follows:

> "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * * When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of his pleadings,* but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, the summary judgment, if appropriate, shall be entered against him." (Emphasis added.)

■ Rule 56(e), quoted above, makes it clear that when a party moves for summary judgment with supporting affidavits containing sworn facts on material issues, it is incumbent upon the adverse party to contradict the facts in a positive manner with sworn proof. The adverse party may not merely rely upon the allegations of his unverified complaint but must come forward with sworn facts disclosing an issue of material fact. Hensley; Patton; Wakeham v. Omega Construction Company, 96 Ariz. 336, 395 P.2d 613 (1964). The holding in the case now under consideration does not negative the legal principle that under some circumstances the allegations contained in a verified complaint may be adequate, in substance and in form, to satisfactorily con-

trovert the affidavits of the moving party and meet the requirements of the rule.

In Patton we find the following statement concerning a defendant's motion for summary judgment supported by sworn affidavits:

> "Where the motion for summary judgment filed by a defendant points out an absence of facts sufficient to establish a claim for relief, the plaintiff may not rest upon the allegations of the complaint but must come forward with facts which meet the test of the rules sufficient to support that claim for relief."

In Hensley, the Court stated at page 552 of 5 Ariz.App., at page 3 of 429 P.2d:

> "When a moving party to a motion for summary judgment furnishes positive sworn facts on a material issue and makes a prima facie case, it is incumbent upon the adverse party to contradict this in a positive manner by sworn proof. Testimony of a witness, even under oath, has no probative value if it merely asserts or denies allegations, or relates only to a conclusion of the witness, or is in the realm of pure speculation, or states an immaterial or irrelevant fact. Absent statements of fact under oath as to the existence of material facts, the allegations in the pleadings and the arguments and legal memoranda in support of a party's position can carry no weight whatsoever in determining the merits of a motion for summary judgment."

■ If a party opposing a motion for summary judgment fails to controvert the facts contained in the moving party's affidavit, summary judgment is mandatory unless the papers of the moving party fail to show that he is entitled to a judgment as a matter of law. Eastwood Elec. Co. v. R. L. Branaman Contractor, Inc., 102 Ariz. 406, 432 P.2d 139 (1967).

■ The mere fact that an accident has occurred is not proof of negligence. It is fundamental that before a plaintiff may recover in a negligence action she must show a duty owed by defendant to plaintiff,

a breach of duty, and an injury proximately caused by the breach of the duty. Berne v. Greyhound Parks of Arizona, Inc., 104 Ariz. 38, 448 P.2d 388 (1968).

Plaintiff's theory of recovery in this instance was that defendant owed a duty to plaintiff as invitee to maintain the parking lot adjoining the building leased by defendant in a safe condition.

In the instant case plaintiff offered no facts to controvert the specific facts contained in defendant's supporting affidavit. These sworn facts affirmatively show that the parking lot wherein plaintiff was injured was not part of the premises leased by defendant and that the responsibility for maintaining the parking lot was upon the lessor. The plaintiff did not present sworn facts sufficient to overcome this legal principle.

The plaintiff did not seek the aid of the Court pursuant to Rule 56(f) which provides as follows:

"56(f) When affidavits are unavailable. Should it appear from the affidavits of a party opposing the motion that he can-not for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

It is our opinion that the specific facts alleged in the uncontroverted affidavit of Kagi negated the existence of any duty owing by defendant to plaintiff with reference to the condition of the parking lot, and that as a matter of law defendant was not negligent. We hold that since plaintiff failed to come forward with sufficient proof to controvert defendant's affidavit and failed to set forth reasons in her affidavit explaining her failure to controvert defendant's affidavit, summary judgment was properly granted in favor of the defendant.

Judgment affirmed.

DONOFRIO, C. J., and CAMERON, J., concur.