**488**

453 P.2d 999

Marilyn Joan QUINTERO, as Mother of David Earl Walk, Susan Kay Walk and Laula Ann Walk, surviving minor children of Walter H. Walk, Deceased, Appellant,

v.

CONTINENTAL RENT–A–CAR SYSTEM, INC., a Colorado corporation; Marshall C. Christy and Mary Louise Christy, husband and wife dba Continental Rent-A-Car of Phoenix; Continental Rent-A-Car of Arizona, Inc., an Arizona corporation, Appellees.

No. I CA–CIV 651.

Court of Appeals of Arizona.

April 29, 1969.

Rehearing Denied May 19, 1969.

Review Granted June 10, 1969.

Harold Goldman and Charles H. Ripps, Phoenix, for appellant.

Rawlins, Ellis, Burrus & Kiewit, Norman D. Hall, Jr., Phoenix, for appellees.

STEVENS, Judge.

The basic issue presented on this appeal relates to the propriety of a summary judgment granted by the trial court in favor of defendants and against plaintiff in a wrongful death action arising out of a one-car accident. The action was commenced by plaintiff, as mother, on behalf of three minor children for the death of the children's father, Walter H. Walk. Defendants were the owners of a business known as Continental Rent-A-Car of Phoenix, which business was the lessor of the automobile driven by Walk at the time of the accident which resulted in his death. A passenger in the automobile at the time of the accident brought a separate action against defendants, the outcome of which is reported as Christy v. Baker, 7 Ariz. App. 354, 439 P.2d 517 (1968). That decision was filed by this Court subsequent to the perfecting of the appeal now before us.

The Christy opinion is of interest on some aspects of the case before us, but is not controlling as to liability. The theory of recovery was not the same. The doctrine of collateral estoppel, discussed in Di Orio v. City of Scottsdale, 2 Ariz.App. 329, 408 P.2d 849 (1965) and in Spettigue v. Mahoney, 8 Ariz.App. 281, 445 P.2d 557 (1968) does not apply in this instance.

The summary judgment, which is the subject matter of this appeal, was based primarily upon the pleadings. Although both parties submitted answers to written interrogatories and filed affidavits in support of their respective positions in the summary judgment proceedings, the evidence contained in these documents was not dispositive of the issues joined in the pleadings.

Plaintiff commenced her action against defendants on 6 November, 1964, based upon the theory that defendants were negligent in leasing an automobile to the deceased, Walk, because he was not competent to drive at the time the automobile was delivered to him. Paragraph VI of the complaint alleged:

"That the Defendants were negligent and reckless in that they knew, or in the exercise of due care should have known, that at the time Defendants leased and entrusted said automobile to the deceased, Walter H. Walk, he did not possess a valid driver's license from the State of Arizona, but that his driving privileges had been revoked and/or suspended by the Arizona State Highway Department; and that Defendants knew, or in the exercise of due care should have known, that the deceased, Walter H. Walk, was under the influence of intoxicating beverages and unable to properly or legally drive a motor vehicle on the highways of the State of Arizona."

Paragraph VII alleged:

"That as the direct and proximate cause (sic) of the Defendants' negligence and recklessness in leasing and entrusting said automobile to deceased, Walter H. Walk, as aforesaid, the deceased drove said automobile on a public highway known as Arizona Highway No. 87 in a reckless and negligent manner, causing a collision of said automobile and resulting in his death."

Defendants answer admitted ownership of the leased automobile and lease thereof to Walk but specifically denied all material allegations of plaintiff's complaint. The answer further alleged as an affirmative defense "that the damages and injury sustained by the plaintiffs, if any, were caused or at least contributed to, by the negligence of the deceased Walter H. Walk."

On 31 March, 1967, defendants moved for summary judgment on the grounds that plaintiff's complaint admitted that Walk was contributorily negligent and that such negligence was imputed to plaintiff under the Arizona wrongful death statute, thus barring plaintiff's cause of action as a matter of law. Plaintiff opposed the motion on the grounds that the complaint stated a good cause of action based upon the doctrine of negligent entrustment and that defendants' denial of all material allegations created a genuine issue of fact precluding summary judgment. Plaintiff further asserted that contributory negligence was not a defense to an action based upon negligent entrustment; that the contributory negligence of Walk, if any, was not imputed to plaintiff under Arizona's wrongful death statute; and that in any event contributory negligence is always a question for the jury under the Arizona Constitution.

The trial court entered a summary judgment in favor of defendants on 13 April, 1967, and a formal written judgment was filed on 10 May, 1967. Plaintiff filed a timely notice of appeal and this appeal followed.

Although plaintiff advances numerous arguments as grounds for reversal, we find it sufficient to limit our consideration to three main questions. First, assuming, for

the sake of the motion for summary judgment, that Walk was intoxicated and unfit to drive the vehicle at the time the defendants surrendered and entrusted the vehicle to him, and that by reason of his intoxication he negligently drove the vehicle thus proximately contributing to the cause of the accident and his death, may this fact be the subject of a motion for summary judgment? Second, if the answer to the first question is in the negative, and had Walk sustained injuries, rather than death, would ·he have had a claim for relief against the defendants under the circumstances set forth in the first question? Third, is the defense of contributory negligence available against the minor children who sustained no personal physical damage and whose claim for relief arises out of their father's death?

■ Rule 56, Arizona Rules of Civil Procedure, 16 A.R.S. is the rule governing summary judgments. Rule 56(c) establishes the test for determining when the granting of a summary judgment is proper:

"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law. * * *."

Rule 56(c) and not Rule 56(e) is applicable notwithstanding the fact that the file contains answers to interrogatories and affidavits. Rule 56(e) is not applicable for the reason that the matters stated under oath are not dispositive of the issues framed by the pleadings. In applying this test to the matter before us, we follow the established rule that the record must be viewed in the light most favorable to plaintiff, the party opposing the motion for summary judgment. Hensley v. A. J. Bayless Stores, Inc., 5 Ariz.App. 550, 429 P.2d 1 (1967); Kiser v. A. J. Bayless Markets, Inc., 9 Ariz.App. 103, 449 P.2d 637 (1969).

## CONTRIBUTORY NEGLIGENCE

· The Arizona Constitution (Art. 18, § 5, 1 A.R.S.) provides:

"(t)he defense of contributory negligence * * * shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

In Inspiration Consolidated Copper Co. v. Conwell, 21 Ariz. 480, 190 P. 88 (1920) our Supreme Court stated that: .

"(t)he language of the provision is plain and unambiguous * * *."

We do not deem it necessary to cite the many later Arizona cases to the same effect. However, see a recent case, Davis.v. Waters, 103 Ariz. 87, 436 P.2d 906 (1968). The constitutional mandate has equal force in the consideration of a motion for summary judgment. Olsen v. Macy, 86 Ariz. 72, 340 P.2d 985 (1959).

 We hold that under Arizona law the defense of contributory negligence may not be successfully urged by a motion for summary judgment.

## NEGLIGENT ENTRUSTMENT

At times in the organization of an opinion it is difficult to select the proper sequence of discussion. We find that problem in the consideration of the questions of negligent entrustment and derivative liability. As an introduction to this portion of the opinion, we state that the right of the plaintiff and the minor children to recovery is derivative, a matter which we will consider later in this opinion. We now consider negligent entrustment.

There are numerous cases wherein it has been held that one who negligently entrusts a potentially dangerous instrumentality to another, and an automobile in improper hands can be so classified, is liable in tort to a third person whose personal injury is causally related to the entrustment. Powell v. Langford, 58 Ariz. 281, 119 P.2d 230 (1941). The question before us is whether there can be liability to the one to whom the automobile is entrusted when that person sustains injuries, subject to the defense of contributory negligence. So far as we

are informed, this is a case of first impression in Arizona.

■ Tort liability arising out of negligent entrustment involves the concurrent acts of negligence of the person entrusting the automobile and of the person to whom the automobile was entrusted. Hardwick v. Bublitz, 254 Iowa 1253, 119 N.W.2d 886 (1963). Subject to the defense of contributory negligence, the record presents a fact issue as to the liability of the defendants to Walk had he sustained personal injuries and survived.

## THE DEFENSE OF CONTRIBUTORY NEGLIGENCE

We next consider the question whether the alleged contributory negligence of the deceased can be imputed to plaintiff under Arizona's wrongful death statute.

It is plaintiff's position that the alleged contributory negligence of Walk can not be imputed to plaintiff or the minor children. In support of this contention, plaintiff relies upon the following language of our Supreme Court in Town of Flagstaff v. Gomez, 23 Ariz. 184, 202 P. 401, 23 A.L.R. 661 (1921), wherein it was stated:

> " 'nearly all of the decisions in the other states since 1892 have followed what would seem to be the better rule, viz. that the negligence of a parent or custodian is not imputable to a child non sui juris, in an action brought for the *child's* own benefit.' (Emphasis Added) Note to Neff v. Cameron, page 320 of 18 L. R.A. (N.S.)
>
> * * * * * *
>
> We are clearly of the opinion that imputed negligence should not be allowed to defeat an action for the benefit of the child, nor one in behalf of its estate where there are beneficiaries other than those whose negligence contributed to its death."

In our opinion, a review of the facts in Gomez discloses that the above quoted principle is not applicable in the context of the instant case. Gomez involved an action by parents for the wrongful death of their infant daughter who was killed when she fell into an open ditch. One of the issues before the Supreme Court was whether the purported negligence of the parents for failing to watch over their child was imputed to the *child,* and thus to the parents as plaintiffs under Arizona's wrongful death statute. In resolving this question the Court first cited the above quoted rule and then concluded that the rule was not applicable in that case because the parents would stand to gain from their own wrong.

In the instant case, unlike Gomez, we are confronted with the question whether the alleged contributory negligence of the decedent is imputed to the plaintiff. We believe this question is best answered by the express language of A.R.S. § 12–611 and by our Supreme Court in Michie v. Calhoun, 85 Ariz. 270, 336 P.2d 370 (1959).

■ A.R.S. § 12–611 relates to liability for death by wrongful act and provides as follows:

> "When death of a person is caused by wrongful act, neglect or default, *and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages,* notwithstanding the death of the person injured * * *." (Emphasis Added).

The emphasized portion of the statute clearly indicates that the rights of the plaintiff in a wrongful death action are no greater than would be the rights of the deceased had he survived. In Michie, our Supreme Court was confronted with the question whether the alleged contributory negligence of a deceased husband was imputed to the wife bringing a wrongful death action. The Court held at page 274 of 85 Ariz., at page 373 of 336 P.2d:

> "Under our wrongful death statute, A.R. S. § 12–611, liability attaches only when the death is such 'as would, if death had

not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof.' We interpret this to mean that any contributory negligence of the decedent for whose death the action is brought is to be imputed to the plaintiff."

█ We hold that any contributory negligence of the deceased is imputable to plaintiff herein and is a defense to the right of recovery should it be found that the deceased was contributorily negligent.

It must be clearly understood that we are not reciting facts which have been proven. We are considering a record and its adequacy to support a summary judgment.

The granting of summary judgment in favor of the defendants is reversed.

DONOFRIO, C. J., and CAMERON, J., concur.