505 P.2d 559

Lester RANDOLPH, Jr., Appellant,

v.

ARIZONA BOARD OF REGENTS, Appellee.

No. 2 CA–CIV 1219.

Court of Appeals of Arizona, Division 2.

Jan. 25, 1973.

Rehearing Denied March 13, 1973.

Review Denied April 10, 1973.

W. Edward Morgan by Paul T. Willis, Tucson, for appellant.

Mays & Dees by Willis R. Dees, Tucson, for appellee.

KRUCKER, Judge.

On August 21, 1970, appellant, plaintiff below, filed a complaint designated as "Tort-Unclassified" against appellee, defendant below. Appellee, subsequent to filing an answer, filed a motion to dismiss, alleging, in part, that the complaint failed to state a claim for relief. The motion was granted and from the judgment of dismissal, this appeal is taken.

The single question to be determined on appeal is whether the trial court erred in granting the motion to dismiss.

Accepting the well-pleaded allegations of the complaint as true, as is our duty, we find the following facts are alleged: that plaintiff, a Black male, while a New Jersey resident applied to the University of Arizona in Tucson, Arizona, for admission as a freshman student; that prior to receiving his application, the University undertook the activity of soliciting and accepting applications for admission from prospective students throughout the country; that Tucson, Arizona was an endemic area for common coccidioidomycosis (commonly referred to as Valley Fever); that said disease is very prevalent, particularly among males in the 15 to 25 age group such as plaintiff; that the primary common infection of coccidioidomycosis may fail to localize and dissemination may occur; that such disease when disseminated is catastrophic; that disseminated coccidioidomycosis occurs some twenty to thirty times more frequently in Black persons than in Caucasian persons; that defendant knew or should have known this and failed to so notify the plaintiff.

Plaintiff first argues that having pleaded these facts and noting that in considering a motion to dismiss the facts must be taken as true, it is a factual matter as to whether there is a duty to warn him of the menace of disseminated coccidioidomycosis. We do not agree.

To constitute actionable negligence, three elements must be present: (1) A duty owing to plaintiff to protect him from injury, (2) Failure of defendant to perform that duty, and (3) Injury to the plaintiff resulting from such failure. Berne v. Greyhound Parks of Arizona, 104 Ariz. 38, 448 P.2d 388 (1968); Kiser v. A. J. Bayless, 9 Ariz.App. 103, 449 P.2d 637 (1969). We are concerned here with the first requirement which is clearly a matter of law for the court to decide. W. Prosser, The Law of Torts § 37 (4th Ed. 1971). Plaintiff's argument that a duty was owed to him rests upon his contention that the defendant, having undertaken to act towards him, failed to do so with due care. There is no doubt that one not under any duty to act

can assume the duty when he has gone so far in what he has actually done and has gotten himself into such a relationship with the plaintiff that he has begun to affect the interests of the plaintiff adversely, as distinguished from merely failing to confer a benefit upon him. H. R. Moch Co. v. Rensselaer Water Co., 247 N.Y. 160, 159 N.E. 896 (1928); *see also,* Massengill v. Yuma County, 104 Ariz. 518, 456 P.2d 376 (1969). Had the conduct of the defendant reached that stage in this case? We think *not.* There are no allegations in the complaint from which the court can infer that it had undertaken to protect the plaintiff from disease or sickness.

In Raymond v. Paradise Unified School Dist. of Butte County, 218 Cal.App.2d 1, 31 Cal.Rptr. 847 (1963), in discussing the factors which play a role in the determination of duty of a public agency, the court said:

"An affirmative declaration of duty simply amounts to a statement that two parties stand in such relationship that the law will impose on one a responsibility for the exercise of care toward the other. Inherent in this simple description are various and sometimes delicate policy judgments. The social utility of the activity *out of which the injury* arises, compared with the risks involved in its conduct; the kind of person with whom the actor is dealing; the workability of a rule of care, especially in terms of the parties' relative ability to adopt practical means of preventing injury; the relative ability of the parties to bear the financial burden of injury and the availability of means by which the loss may be shifted or spread; the body of statutes and judicial precedents which color the parties' relationship; the prophylactic effect of a rule of liability; in the case of a public agency defendant, the extent of its powers, the role imposed upon it by law and the limitations imposed upon it by budget; and finally, the moral imperatives which judges share with their fellow citizens." 31 Cal.Rptr. at 851–852.

The various factors are perhaps best summed up by Prosser:

"No better general statement can be made, than that the courts will find a duty where, in general, reasonable men would recognize it and agree that it exists." W. Prosser, Law of Torts 4th Ed. at 327.

Applying these principles to the case at bar, we have little trouble in holding that the defendant owes no duty to notify the plaintiff of coccidioidomycosis merely because it had solicited and accepted applications for admission from prospective students. If such were the case, the stream of cases would be endless, the financial burden imposed upon such parties in defendant's position catastrophic; the workability of the rule impractical; and the availability of means by which loss may be shifted impractical. To impose such a duty would require not only such institutions as the defendant represents but the entire State of Arizona to inform its thousands of visitors of this disease.

There comes a time when an individual must take it upon himself to be responsible for his own education and well-being. No person can be insulated against all the risks of living. Reasonable men would agree that defendant had no duty to ascertain what diseases in the area the plaintiff might be susceptible to and give him warning. That duty rested upon plaintiff himself.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.