IN THE
# ARIZONA COURT OF APPEALS
### DIVISION TWO

―――――――――――――

CAROL TIMMONS, A SINGLE WOMAN,
*Plaintiff/Appellant,*

*v.*

ROSS DRESS FOR LESS, INC., A FOREIGN CORPORATION,
*Defendant/Appellee.*

No. 2 CA-CV 2013-0053
Filed March 21, 2014

―――――――――――――

Appeal from the Superior Court in Pima County
No. C20124934
The Honorable Charles V. Harrington, Judge

**REVERSED AND REMANDED**

―――――――――――――

COUNSEL

Hallinan Law Firm, Tucson
By Joane Hallinan and Nick Nogami
*Counsel for Plaintiff/Appellant*

Holloway Odegard & Kelly, P.C., Phoenix
By Leslie Rakestraw
*Counsel for Defendant/Appellee*

―――――――――――――

**OPINION**

Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Kelly and Judge Espinosa concurred.

―――――――――――――

E C K E R S T R O M, Judge:

¶1 Appellant Carol Timmons appeals from the trial court's order granting summary judgment in favor of appellee Ross Dress For Less, Inc. (Ross). For the following reasons, we reverse and remand for further proceedings consistent with this opinion.

**Factual and Procedural Background**

¶2 In reviewing a grant of summary judgment, we view the facts in the light most favorable to the party against whom judgment was entered. *In re 1996 Nissan Sentra*, 201 Ariz. 114, ¶ 2, 32 P.3d 39, 41 (App. 2001). In December 2011, Timmons tripped and fell on one of two curbs or steps outside a Ross store. She filed a complaint against Ross and the owner of the property, 1031 Solutions, LLC (Ross's landlord), alleging negligence in their failure to maintain the premises in a reasonably safe condition and to provide a reasonably safe means of ingress and egress. Specifically, Timmons alleged Ross failed to "use reasonable care to warn of or remedy [an] unreasonably dangerous condition."

¶3 Ross filed a motion for judgment on the pleadings, asserting 1031 Solutions, and not Ross, owned the area where Timmons fell.[1] Because Timmons submitted a statement of facts and evidence outside the pleadings, the parties agreed to treat Ross's motion as one for summary judgment. Timmons also filed a motion to amend her complaint to include a claim of negligence per se against Ross and 1031 Solutions.

¶4 After a hearing, the trial court granted Ross's motion, finding that Ross did not own the area where Timmons fell, had not "appropriated the area for its own use," and therefore had no duty to Timmons. The court also denied Timmons's motion to amend her complaint as to Ross, stating that any such amendment would be "futile based on the granting of the Motion for Summary Judgment."

---

[1]We note that the lease agreement identifies the landlord as "Scobar Adventures, LLC." It is unclear from the record how 1031 Solutions came to own the property.

The court entered a final judgment as to Timmons's claims against Ross pursuant to Rule 54(b), Ariz. R. Civ. P.

**¶5** On appeal, Timmons claims the court erred in granting summary judgment in favor of Ross, granting summary judgment before considering her motion to amend, and denying her motion to amend. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## Motion for Summary Judgment

**¶6** Timmons argues the trial court erred in concluding Ross owed her no duty to maintain a step adjoining, and leading exclusively to, the commercial premises leased by Ross. Specifically, she challenges the trial court's conclusion that Ross lacked sufficient possession of, or control over, the location of her injury to justify the imposition of such a duty.

**¶7** We review a grant of summary judgment de novo, and will affirm "only if there is no genuine issue as to any material fact and the party seeking judgment is entitled to judgment as a matter of law." *Williamson v. PVOrbit, Inc.*, 228 Ariz. 69, ¶ 11, 263 P.3d 77, 79 (App. 2011). The party opposing summary judgment need not necessarily submit affidavits, but "must in some form present proof by admissible evidence to establish a genuine dispute as to a material fact." *State ex rel. Corbin v. Sabel*, 138 Ariz. 253, 256, 674 P.2d 316, 319 (App. 1983).

**¶8** "Duty is defined as an 'obligation, recognized by law, which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm.'" *Gipson v. Kasey*, 214 Ariz. 141, ¶ 10, 150 P.3d 228, 230 (2007), *quoting Markowitz v. Ariz. Parks Bd.*, 146 Ariz. 352, 354, 706 P.2d 364, 366 (1985). A possessor of land has a duty to maintain its premises in a condition that is reasonably safe for invitees. *Ft. Lowell-NSS Ltd. P'ship v. Kelly*, 166 Ariz. 96, 101, 800 P.2d 962, 967 (1990). A possessor of land is defined as "'a person who is in occupation of the land with intent to control it.'" *Tostado v. City of Lake Havasu*, 220 Ariz. 195, ¶ 28, 204 P.3d 1044, 1050 (App. 2008), *quoting* Restatement (Second) of Torts § 328E(a) (1965).

**¶9**        The parties presented the following facts relevant to Ross's possession and control of the location of Timmons's injury. While departing from Ross's store, Timmons fell on one of two curbs or steps that connected the parking lot and the elevated area in front of the store.  She maintains the curbs, as configured, constituted an unreasonably dangerous condition and Ross therefore had a duty to remediate the danger.  Ross was the only tenant of the shopping center, and therefore the step was used exclusively by persons entering or departing from its store.

**¶10**        Ross was neither the owner nor the lessee of either the parking lot or the curbs but held a non-exclusive easement across both entitling its invitees to have access to the store.  Ross's lease agreement with the landlord, 1031 Solutions, specified that 1031 Solutions agreed to maintain the easement area in a "first class" and "safe" condition.  Ross, however, agreed to pay for the maintenance of, and, to some extent, insurance for, the easement area.[2]

**¶11**        In general, an easement is a non-possessory interest in land.  Restatement (Third) of Property (Servitudes) § 1.2(1) (2000); *see Mountain States Tel. & Tel. Co. v. Kelton*, 79 Ariz. 126, 131, 285 P.2d 168, 171 (1955).  In *Clark v. New Magma Irrigation & Drainage District*, this court adopted the analysis of the California Court of Appeals, which reasoned:

> The right of control that attends ownership of an easement has a narrower scope than the right of control that accompanies fee ownership of real property.  Therefore, the corresponding duty to third parties in managing the property interest must also be narrower in scope and tied to the reason that the easement is granted.

---

[2]The lease agreement makes it clear that Ross must pay some share of the cost of insurance for the common areas, but it is unclear what that share is.

208 Ariz. 246, ¶ 13, 92 P.3d 876, 879 (App. 2004), *quoting Cody F. v. Falletti*, 112 Cal. Rptr. 2d 593, 603-04 (Ct. App. 2001). Accordingly, we observed "an easement holder has a duty to act reasonably under the circumstances *in its use* of the servient estate, but . . . the duty does not extend beyond the scope of that use." *Id.* ¶ 14.

**¶12**        Here, Ross acquired and used the easement for the arrival and departure of its invitees to and from its retail premises. Therefore, Ross had a duty to act reasonably in providing for the safety of invitees to the extent they used the easement for the purposes of arriving and departing. *See id.* Timmons maintains she was injured departing from the Ross store after shopping there. Because Timmons was then using the easement for the very purpose that Ross held and used the easement, we conclude her injury occurred within the scope of Ross's duty to invitees.[3] *See Blackman v. Fed. Realty Inv. Trust*, 664 A.2d 139, 142 (Pa. Super. Ct. 1995) (finding scope of potential duty to injured person depended on "the manner in which the [defendant] exercises the prerogatives of that easement").

**¶13**        Ross has maintained, however, both in its briefing and at oral argument, that because it had no control over the area where the injury occurred, it could have no duty to Timmons. But even assuming arguendo that the easement interest itself did not provide Ross sufficient control to establish a duty, Ross had an express contractual right to insist that 1031 Solutions maintain the easement premises in a "first class" and "safe" condition. Moreover, Ross agreed to pay for the maintenance of the easement area, part of the insurance, and any property taxes for it. Thus, to the extent Timmons needed to demonstrate that Ross maintained any control beyond that inherent in the easement interest, she has done so.

---

[3]Although Timmons has vigorously maintained that Ross's responsibilities under its leasehold agreement created enough control to justify the imposition of a duty, and noted the presence of the easement agreement in that context, neither party provided the trial court with the *Clark* case, which we find dispositive here.

¶14        Ross also contends our reasoning should follow this court's decision in *Kiser v. A.J. Bayless Markets, Inc.*, 9 Ariz. App. 103, 449 P.2d 637 (1969).  In that case we held that, when a lease provided that the lessor was responsible for maintenance of the parking lot where the plaintiff tripped, the lessee owed no duty to the injured party.  *Id.* at 105, 107, 449 P.2d at 639, 641.  The court explained that the lessor's responsibility to maintain the parking lot "negated the existence of any duty owing by defendant [lessee] to plaintiff with reference to the condition of the parking lot."  *Id.* at 107, 449 P.2d at 641; *see also Jackson v. Cartwright Sch. Dist.*, 125 Ariz. 98, 102, 607 P.2d 975, 979 (App. 1980).

¶15        Ross emphasizes correctly that its lease with 1031 Solutions similarly provided that the lessor was responsible for the area where Timmons was injured.[4]  But in *Kiser*, the plaintiff did not assert that the defendant owed her a duty of care as a result of the defendant's possession or control over the parking lot arising from an easement.  9 Ariz. App. at 107, 449 P.2d at 641.  As the court emphasized, the plaintiff in *Kiser* did not challenge the lessee's assertion that, by the terms of the lease, the lessee lacked any possession or control over the parking lot.  *Id.*  Thus, our reasoning in *Kiser* did not address the question presented by Timmons in this case: whether an easement holder owes a duty to an invitee when the invitee uses the easement for the very purpose for which the easement holder has secured it.  And, were we to read *Kiser* as broadly as Ross suggests, we would contravene the long-standing principle that the duty of a possessor of land to its invitees is non-delegable.  *See Ft. Lowell-NSS*, 166 Ariz. at 103, 800 P.2d at 969; *Simon*

---

[4]Section 7.1.1 of the lease provided:  "Landlord shall maintain all Common Areas in first class condition, repair and cleanliness, as is customary in maintenance practices for shopping centers similar in type and location to that of the Shopping Center, including sidewalk steam cleaning and shall keep the Common Areas free of any impediments and open for easy and safe movement within the Common Areas."

*v. Safeway, Inc.*, 217 Ariz. 330, ¶ 20, 173 P.3d 1031, 1038-39 (App. 2007).[5]

**¶16**　　　For the foregoing reasons, the trial court erred in concluding that, under the circumstances here, Ross owed no duty to its invitees to maintain the easement premises in a reasonably safe condition and therefore erred in granting Ross's motion for summary judgment.[6]

**Motion to Amend**

**¶17**　　　Timmons asserts the trial court erred in granting Ross's motion for summary judgment before considering her motion to amend her complaint. The court denied Timmons's motion on the basis that such an amendment would be futile. We review a trial court's denial of a motion to amend for an abuse of discretion.

---

[5]At oral argument, Ross also asserted it could have no duty when, in its view, it "hasn't independently done something wrong." But whether Ross acted negligently relates not to whether a duty was owed, but to whether it breached the standard of care, a question we do not resolve here. *See Gipson*, 214 Ariz. 141, ¶ 10, 150 P.3d at 230 ("The existence of a duty of care is a distinct issue from whether the standard of care has been met in a particular case."). Furthermore, nothing in this opinion precludes the trial court from finding 1031 Solutions was partly or entirely responsible for Timmons's injury.

[6]Timmons separately argued Ross owed her a duty to provide safe ingress and egress to its retail premises. To the extent she bases this argument on Ross's control over the easement area, we have already resolved that question in her favor above. To the extent an argument could be made that Ross owed her such a duty regardless of its level of control over the easement area, we need not address that claim here. *See Kiser*, 9 Ariz. App. at 105, 107, 449 P.2d at 639, 641 (suggesting no duty would arise in absence of control). *But see Stephens v. Bashas' Inc.*, 186 Ariz. 427, 430, 924 P.2d 117, 120 (App. 1996) (suggesting business may have duty to invitees for ingress and egress extending beyond its own property).

*Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R. Co.*, 231 Ariz. 517, ¶ 4, 297 P.3d 923, 925 (App. 2013). Motions to amend should be granted unless the court finds specific cause, such as futility, to deny the amendment. *See* Ariz. R. Civ. P. 15(a)(1) ("Leave to amend shall be freely given when justice requires."); *MacCollum v. Perkinson*, 185 Ariz. 179, 185, 913 P.2d 1097, 1103 (App. 1996). In determining whether the court abused its discretion, "we presume that the facts alleged in the complaint are true." *MacCollum*, 185 Ariz. at 185, 913 P.2d at 1103.

**¶18** Even if the admissible evidence clearly had established that Ross had no duty to maintain the premises where Timmons fell because it was not the possessor of the area at the time of her fall, Timmons's proposed amended complaint alleged Ross was negligent in the construction of the area. Assuming the facts in the complaint are true, Ross had control over the design and construction of the area where Timmons fell, and a reasonable jury therefore could conclude Ross had a duty not to be negligent in the construction of the premises. *See Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, ¶ 103, 38 P.3d 12, 37 (2002) (summary judgment not appropriate where "'reasonable jury could return a verdict for the nonmoving party'"); *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *cf. Parks v. Atkinson*, 19 Ariz. App. 111, 114, 505 P.2d 279, 282 (1973) (owner who retains control of construction may be liable for negligent construction by independent contractor). The court's ruling that Ross had no duty regarding maintenance of the premises did not resolve the question of whether Ross had a duty in construction of the premises. We therefore conclude the court abused its discretion in denying Timmons's motion to amend.

**Costs on Appeal**

**¶19** Ross has requested its "costs" on appeal under former Rule 21(c)(1), Ariz. R. Civ. App. P. Ariz. Sup. Ct. Order R-10-0033 (Sept. 1, 2011). But Ross has neither prevailed nor specified the basis for such an award. *See Sklar v. Town of Fountain Hills*, 220 Ariz. 449, ¶ 23, 207 P.3d 702, 708 (App. 2008) ("Rule 21(c) . . . does not provide a substantive basis for costs and attorneys' fees."). We therefore deny the request.

**Disposition**

¶20         For the foregoing reasons, we reverse the trial court's grant of summary judgment as to Timmons's claim for negligent maintenance of the premises and its denial of her motion to amend the complaint against Ross to include negligence per se.  We remand for further proceedings consistent with this opinion.