NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MELANIE PHILLIPS, *Plaintiff/Appellant,*

*v.*

JAY L. SCHWARTZ, et al., *Defendants/Appellees.*

No. 1 CA-CV 22-0487
FILED 6-27-2023

Appeal from the Superior Court in Maricopa County
No. CV2019-004189
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

COUNSEL

DKL Law PLLC, Phoenix
By David W. Lunn, Kathryn A. Lunn
*Counsel for Plaintiff/Appellant*

Jones Skelton & Hochuli PLC, Phoenix
By Stephen A. Bullington, Eileen Dennis GilBride, Cory E. Tyszka
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Angela K. Paton and Judge D. Steven Williams joined.

---

**P E R K I N S**, Judge:

¶1        Melanie Phillips appeals the grant of summary judgment for Jay L. Schwartz and Jay L. Schwartz, D.O., P.C., and the denial of her motion for a new trial. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        In September 2017, Schwartz performed bilateral LASIK surgery on Phillips and implanted in her right eye a device known as a Raindrop Near Vision Inlay ("Raindrop Inlay"). The Raindrop Inlay is a curved disc implanted in the cornea of one eye with the intent to improve near vision. Before surgery, Phillips signed an informed consent document warning that use of the Raindrop Inlay can cause permanent glare affecting night driving. Phillips later testified she could not read the document when she signed it because of her vision problems. In March 2018, Schwartz removed Phillips' Raindrop Inlay because she was experiencing post-operative decreased visual acuity because of corneal haze (cloudiness or opacity).

¶3        Beginning in September 2018, Phillips sought treatment from other health care providers to improve her vision. In October 2018, the United States Food and Drug Administration recalled the Raindrop Inlay because of an increased risk of corneal haze, which can cause glare.

¶4        In 2019 and 2020, Phillips reported glare, hazy vision, and eventual cessation of night driving to her then-treating health care provider, Dr. Robert McCulloch. A higher glare measurement reveals more significant glare. In 2019, McCulloch measured Phillips' glare as 20/200 in her right eye as compared to 20/40 in her left eye. In 2020, McCulloch measured her glare as 20/400 in each eye. In October 2020, Phillips had an independent medical exam with Dr. Todd Lefkowitz, who noted paracentral opacity in the cornea of both her eyes. In 2021, McCulloch again examined Phillips and measured her glare as 20/25 in her right eye and 20/20 in the left.

¶5        Phillips sued Schwartz for professional negligence, lack of informed consent, and battery. Phillips testified at her deposition that if she had been told she could have permanent glare, she would have declined the Raindrop Inlay procedure.

¶6        At his deposition, Lefkowitz criticized Schwartz for offering and implanting the Raindrop Inlay, for not obtaining informed consent before doing so, and for not removing it earlier. Lefkowitz first testified that, to a reasonable degree of medical probability, if the Raindrop Inlay had been removed earlier, then Phillips would not have developed corneal opacities. Lefkowitz also testified that the Raindrop Inlay caused corneal damage to her right eye, specifically opacities in the central corneal surface.

¶7        But Lefkowitz conceded that he found evidence of some opacity in both eyes and that, if the LASIK procedure caused some of the corneal opacity, that is not evidence of negligence by Schwartz. He testified that because the haze was bilateral, that reveals the haze was more a result of the LASIK surgery than the Raindrop Inlay. Lefkowitz had no way to quantify the amount of opacity caused by the Raindrop Inlay versus the LASIK procedure and stated that the degree of paracentral opacity was fairly minimal. He could not say to a reasonable degree of medical probability that the Raindrop Inlay permanently damaged Phillips' right eye. And Lefkowitz could not state whether Phillips' outcome would have been any different had Schwartz removed the Raindrop Inlay earlier or if he had never implanted the Raindrop Inlay.

¶8        Schwartz moved for summary judgment. In response, Phillips provided an undated and unsworn declaration from Lefkowitz stating that, to a reasonable degree of medical probability, implantation of the Raindrop Inlay caused Phillips to suffer opacity in her right cornea and glare. Schwartz moved to strike the declaration, which the superior court denied.

¶9        Phillips also attached to her response a deposition correction page stating Lefkowitz's opinion that (1) to a reasonable degree of medical probability, implantation of the Raindrop Inlay caused Phillips to suffer glare in her right eye; (2) to a reasonable degree of medical probability, the Raindrop Inlay caused some paracentral opacity in the right cornea; and (3) because the haze in her right eye is grossly more significant than in the left, that the Raindrop Inlay caused more harm to that eye. The court granted Schwartz summary judgment, finding the corneal opacity was minimal, bilateral, and probably caused by the LASIK procedure.

**¶10**         Phillips moved for a new trial. The superior court denied her request based on the conclusory nature of the deposition corrections, which Phillips failed to establish were reliable. The court noted that Lefkowitz never explained the basis for his opinion that Phillips' injuries were caused by the Raindrop Inlay.

**¶11**         We have jurisdiction over Phillips' timely appeal. A.R.S. § 12-2101(A)(1) and (A)(5)(a).

## DISCUSSION

**¶12**         Phillips argues the superior court erred in finding no genuine issue of material fact in support of her negligence claim involving the Raindrop Inlay. Phillips does not argue on appeal that the superior court erred in granting summary judgment on her claim for battery or for professional negligence involving the part of the surgery that involved the LASIK procedure.

**¶13**         We review *de novo* the superior court's grant of summary judgment to determine whether the court properly applied the law and whether any genuine issues of material facts exist. Ariz. R. Civ. P. 56(a); *Orme School v. Reeves*, 166 Ariz. 301, 310 (1990). We view the facts in the light most favorable to Phillips. *Dinsmoor v. City of Phoenix*, 251 Ariz. 370, 373, ¶ 13 (2021). We review the denial of a motion for a new trial for abuse of discretion. *Health for Life Brands, Inc. v. Powley*, 203 Ariz. 536, 542, ¶ 28 (App. 2002).

**¶14**         Medical malpractice claims include claims for lack of informed consent. A.R.S. § 12-561(2); *see Gorney v. Meaney*, 214 Ariz. 226, 230, ¶ 11 (App. 2007). A plaintiff bears the burden of establishing through expert testimony that the health care provider proximately caused harm. *See* A.R.S. § 12-563(2); *Gregg v. Nat'l Med. Health Care Servs., Inc.*, 145 Ariz. 51, 54 (App. 1985). A plaintiff alleging lack of informed consent must show two types of causation: (1) she would have declined the treatment with adequate disclosure and (2) the treatment proximately caused harm. *Rice v. Brakel*, 233 Ariz. 140, 146, ¶ 23 (App. 2013); *Gorney*, 214 Ariz. at 231, ¶ 15.

**¶15**         Phillips' testimony that she would have declined the implantation of the Raindrop Inlay if she had been told she could have permanent glare satisfies the first prong of the informed-consent causation burden. *See Rice*, 233 Ariz. at 146, ¶ 23. But Phillips failed to provide expert testimony in support of the second prong—that implantation of the Raindrop Inlay caused her to suffer glare. *See Gorney*, 214 Ariz. at 231, ¶ 15.

**¶16**         Phillips first argues that McCulloch's deposition testimony provides the requisite causal link and paraphrases his testimony, claiming McCulloch testified that "Ms. Phillips has difficulty with glare in her right eye which was most likely caused by the previous Raindrop Inlay implant and explant surgeries performed by Dr. Schwartz." The record does not support the paraphrase. In the cited portions of the deposition transcript, McCulloch testified generally as to the symptoms a person could have with astigmatism and the characteristics and significance of a fibrotic layer in the cornea. He also stated he could not answer whether the fibrotic layer in Phillips' cornea was causing any problems. Phillips concedes in her reply brief that McCulloch did not confirm to a reasonable degree of medical certainty that the Raindrop Inlay caused the fibrotic layer and resultant glare in Phillips' right eye.

**¶17**         Phillips then argues that Lefkowitz's declaration provided the requisite causal link. But because the declaration is unsworn and undated, we do not consider it. Ariz. R. Civ. P. 80(c) (when the rules allow a matter to be established by a sworn written declaration or affidavit, the same may be unsworn and have the same force and effect if it is dated); *Airfreight Exp. Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 112, ¶ 25 (App. 2007) (finding an undated declaration insufficient); *see also Kiser v. A.J. Bayless Mkts., Inc.*, 9 Ariz. App. 103, 106 (1969) (noting the party responding to the summary judgment motion must provide "sworn proof" in response to the movant's positive sworn facts on a material issue).

**¶18**         Finally, Phillips argues that Lefkowitz's corrected deposition testimony satisfies the second prong of the informed-consent causation test. Arizona Rule of Civil Procedure ("Rule") 30(e)(1)(B) permits timely changes in form or substance to a deposition provided the deponent lists the reasons for making the changes in a statement to the reporting firm. The record does not establish that Lefkowitz or Phillips delivered that statement.

**¶19**         Although Lefkowitz's deposition changes directly contradict the substance of his original testimony, arguably Rule 30(e)(1)(B) permits him to make those changes. *See Valley Nat. Bank v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 153 Ariz. 374, 380 (App. 1987) (referencing federal court decisions holding that a deponent may make changes that directly contradict testimony given in the examination, but the original answers remain, and a witness can be impeached with the former answers). But the superior court found Lefkowitz's substantive deposition changes conclusory and unreliable. We agree.

¶20        Under Arizona Rule of Evidence 702, the court acts as a gatekeeper in assessing whether expert testimony is relevant, reliable, and based on sufficient facts and data. Ariz. R. Evid. 702(b). Here, the record shows that Phillips suffered from equal bilateral glare in 2020, yet the Raindrop Inlay was only implanted in her right eye. The glare measurement in both eyes improved in 2021, with minimal difference between the eyes. Even assuming as true Lefkowitz's corrected opinion, Lefkowitz could not quantify the amount of opacity caused by the Raindrop Inlay versus the LASIK procedure and agreed that the degree of paracentral opacity was fairly minimal. *See Kreisman v. Thomas*, 12 Ariz. App. 215, 218 (1970) (noting "causation must be shown to be Probable and not merely Possible, and generally medical expert testimony that a subsequent illness or disease 'could' or 'may' have been the cause of the injury is insufficient").

¶21        Ultimately, Lefkowitz's deposition corrections provide no basis to find a genuine issue of material fact as to causation. *Barrett v. Harris*, 207 Ariz. 374, 378, ¶ 12 (App. 2004) ("Ordinarily, a plaintiff in a medical malpractice lawsuit must prove the causal connection between an act or omission and the ultimate injury through expert medical testimony, unless the connection is readily apparent to the trier of fact."). Phillips thus failed to establish an essential element of her claim. Summary judgment was appropriate.

## CONCLUSION

¶22        For these reasons, we affirm the superior court's ruling. We award costs to Schwartz upon compliance with Arizona Rule of Civil Appellate Procedure 21.

